GREENBERG TRAURIG, LLP
Jacob D. Bundick (NV Bar No. 9772)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
bundickj@gtlaw.com

LOUIS SMITH (*pro hac vice application forthcoming*)
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932-0677
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
smithlo@gtlaw.com

*Attorneys for Defendant*
*HSBC Mortgage Services, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND MALDONADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HSBC MORTGAGE SERVICES, INC.;<br><br>Defendant. | CASE NO. 2:16-cv-00784-JAD-VCF<br><br>**DEFENDANT HSBC MORTGAGE SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(b)(1) OR 12(b)(6), OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**<br><br>**ORAL ARGUMENT REQUESTED** |

## MOTION TO DISMISS COMPLAINT

## OR, ALTERNATIVELY, TO STRIKE CLASS ALLEGATIONS

For the reasons set forth in Defendant HSBC Mortgage Services, Inc.'s ("HSBC")

attached Memorandum of Points and Authorities, HSBC respectfully moves this Court to

dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of

subject matter jurisdiction or, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. In the alternative, if the Court does not dismiss the Complaint in its entirety, HSBC respectfully requests that the Court strike Plaintiff's class allegations from the Complaint, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

Dated: October 3, 2016                  GREENBERG TRAURIG, LLP

*/s/ Jacob D. Bundick*
Jacob D. Bundick (NV Bar No. 9772)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
bundickj@gtlaw.com
*Attorneys for Defendant*
*HSBC Mortgage Services, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ALLEGATIONS IN THE COMPLAINT ............................................................................2

ARGUMENT ........................................................................................................................3

I.      THE COMPLAINT FAILS TO ALLEGE STANDING ......................................3

      A.      To Establish Article III Standing, Plaintiff Must Allege An Injury That is Particularized and Concrete ..................................................................4

      B.      The Complaint Fails to Allege Injury In Fact ........................................5

              1.    The Complaint fails to allege a particularized injury ..................6

              2.    The Complaint fails to allege a concrete injury ........................7

      C.      The Complaint Fails to Allege Statutory Standing for Negligent FCRA Violations ..................................................................................................9

II.     IN THE ALTERNATIVE, THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..................................................10

      A.      The Complaint Fails to State a Claim for Negligent Violation of the FCRA ........11

      B.      The Complaint Fails to State a Claim for Willful Violation of the FCRA ...........12

III.    ALTERNATIVELY, PLAINITIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN ..................................................................................................13

      A.      The Motion to Strike Class Allegations Standard..................................................14

      B.      Plaintiff Has Failed to Establish an Identifiable and Ascertainable Class ............14

              1.    The class definition improperly requires a merits determination..................16

              2.    The class definition is overbroad, as it includes individuals whose claims are time-barred ......................................................................18

CONCLUSION ..................................................................................................................18

HSBC Mortgage Services, Inc. ("HSBC") respectfully submits this brief in support of its motion to dismiss Plaintiff Raymond Maldonado's ("Plaintiff") Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, if the Complaint is not dismissed, HSBC respectfully requests that the Court strike the Complaint's class allegations, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

## **INTRODUCTION**

The Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), requires that Plaintiff's Complaint be dismissed for failure to allege Article III standing.  Plaintiff's sole claim is that HSBC violated the Fair Credit Reporting Act ("the FCRA" or "the Act") when it allegedly requested Plaintiff's credit report without a "permissible purpose," as defined in § 1681b of the Act.  Plaintiff has failed, however, to allege anything more than a bare statutory violation, which, under *Spokeo*, is insufficient to satisfy the injury-in-fact requirement of the standing doctrine. *See id.* at 1549.  Indeed, Plaintiff has not alleged any facts showing that he was actually harmed by the alleged credit report inquiry.  He thus has failed to demonstrate that he suffered a particularized and concrete injury as a result of HSBC's conduct, rendering his claim beyond the jurisdiction of this Court.  The Complaint should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Alternatively, if the Court were to find that it has jurisdiction over Plaintiff's claim (which it should not), it should nonetheless dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  It is unclear from the Complaint whether Plaintiff is claiming that HSBC's alleged violation of the FCRA was negligent or willful; however, Plaintiff fails to adequately state a claim for either.  First, Plaintiff's failure to allege actual damages is fatal to his claim to the extent it is based on HSBC's alleged negligence, because actual damages are an essential element of a claim for negligent violation of the FCRA.  *See* 15

U.S.C. § 1681o.  Second, Plaintiff fails to allege any facts to support his conclusory assertions that HSBC willfully violated the FCRA.  Accordingly, Plaintiff's FCRA claim is subject to dismissal on the merits.

Finally, if the Court does not dismiss the Complaint in its entirety, it should strike Plaintiff's class allegations, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), as Plaintiff's class definition is overbroad and fails to identify an ascertainable class using objective criteria.   Plaintiff's proposed class definition impermissibly requires an individualized inquiry into the merits of each potential class member's claim to determine whether the person should be included in the class.  Accordingly, maintenance of a class action would be untenable and the class allegations should be stricken from the Complaint.

## ALLEGATIONS IN THE COMPLAINT

According to the Complaint, Plaintiff "incurred financial obligations" to HSBC ("the Debt") "[s]ometime prior to 2009."  Complaint, dated April 8, 2016 ("Compl.") ¶ 16.  On June 1, 2009, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada, in the matter captioned, *In re Raymond Maldonado*, Case No. 09-19189-led.  *Id.* ¶ 17.  The Debt was listed on Plaintiffs' bankruptcy schedule, and HSBC received notice of the bankruptcy proceedings. *Id.* ¶ 18. On May 7, 2015, Plaintiff received a bankruptcy discharge, which resulted in the discharge of the Debt. *Id.* ¶¶ 19, 22.  At no time before or after the bankruptcy discharge did HSBC challenge the Debt's inclusion in the bankruptcy schedule or otherwise argue that the Debt was "nondischargeable" under 11 U.S.C. § 523. *Id.* ¶¶ 20-21.  One month later, on June 9, 2015, HSBC submitted a credit report inquiry to Equifax regarding Plaintiff. *Id.* ¶ 25.  Plaintiff does not allege that HSBC submitted any other credit report inquiries to Equifax (or any other credit reporting agency) at any time thereafter.

Plaintiff brought suit against HSBC on April 8, 2016, alleging that HSBC violated the FCRA by requesting Plaintiff's credit report in June 2015 without a "permissible purpose," as defined in 15 U.S.C. § 1681b, because the Debt had been discharged at that

time.  Compl. ¶¶ 25-28.  Plaintiff brings this claim individually and on behalf of a putative class consisting of:

> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by [HSBC] after Chapter 13 bankruptcy discharge within the past 5 years.

*Id.* ¶ 30.  Plaintiff seeks actual damages and reasonable attorneys' fees and costs in connection with any negligent violations of the FCRA, *id.* ¶¶ 43 (citing 15 U.S.C. §§ 1681o(a)(1), 1681o(a)(2)), and actual or statutory damages, punitive damages, and reasonable attorneys' fees and costs in connection with any willful violations.  *Id.* ¶ 44 (citing 15 U.S.C. §§ 1681n(a)(1)(A), 1681n(a)(2), 1681n(a)(3)); *see also id.*, Prayer for Relief.

## ARGUMENT

### I.  THE COMPLAINT FAILS TO ALLEGE STANDING

"[S]tanding is a necessary element of federal-court jurisdiction." *McQuinn v. Bank of Am., N.A.*, __ Fed. Appx. __, 2016 WL 3947831, at *1 (9th Cir. July 22, 2016). Indeed, "[a] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit.  In that event, the suit should be dismissed under Rule 12(b)(1)." *Oaktree Capital Mgmt., L.P. v. KPMG*, 963 F. Supp. 2d 1064, 1077 (D. Nev. 2013) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).  As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing each element of standing.  *Spokeo*, 136 S. Ct. at 1547.  Thus, "at the pleading stage, the plaintiff must 'clearly … allege facts demonstrating' each element" of standing.  *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  Conclusory and unsupported allegations are insufficient to support standing.  *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the Supreme Court has stated, "the 'irreducible constitutional minimum' of standing consists of three elements": the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Here, Plaintiff has failed to adequately allege that he has suffered any "injury in fact," the "[f]irst and foremost of standing's three elements." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks omitted).

### A. To Establish Article III Standing, Plaintiff Must Allege An Injury That is Particularized and Concrete

To sufficiently allege an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560); *see also id.* ("We have made it clear time and time again that an injury in fact must be both concrete **and** particularized.") (emphasis in original); *see generally McQuinn*, 2016 WL 3947831, at *1 (recognizing that a plaintiff must plead a "particularized and sufficiently concrete injury to establish Article III standing").

"For an injury to be 'particularized,' it 'must affect the person in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1); *see also Habeas Corpus Resource Ctr. v. U.S. Dep't of Justice*, 816 F.3d 1241, 1250 n.11 (9th Cir. 2016) (same); *Baldwin v. Sebelius*, 654 F.3d 877, 879 (9th Cir. 2011) ("[T]he injury in fact test requires … that the party seeking review be himself among the injured.").  "That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they **personally** have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo*, 136 S. Ct. at 1547 n.6 (emphasis added) (internal quotation marks omitted).

For an injury to be "concrete," it must be "'*de facto*'; that is, it must actually exist." *Id.* at 1548. It must be "'real,' and not 'abstract.'" *Id.* Although the *Spokeo* Court recognized that certain intangible injuries may be sufficiently concrete to confer standing, the Court warned that simply alleging a violation of a statutory right does not satisfy a plaintiff's burden to allege an injury in fact. *Id.* at 1549. The Court reasoned:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. **Article III standing requires a concrete injury even in the context of a statutory violation**. For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Id.* (emphasis added). Indeed, "'Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id.* at 1547-48 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)).

**B. The Complaint Fails to Allege Injury In Fact**

The Complaint is devoid of any factual allegations that Plaintiff suffered actual harm as a result of HSBC's alleged credit report inquiry. Plaintiff's sole allegations regarding "harm" are as follows:

11. Plaintiff is a natural person … whose credit report was affected by an unauthorized inquiry….

32. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

37.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct….

*See* Compl. ¶¶ 11, 32, 37.  These conclusory allegations are insufficient to establish that Plaintiff suffered an injury that is either particularized or concrete, rendering the Complaint subject to dismissal for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

### 1.  The Complaint fails to allege a particularized injury

The above allegations consist merely of conclusory statements that HSBC's alleged submission of unauthorized credit report inquiries "affected," "harmed" and "damaged" Plaintiff and the members of the putative class.  They do not provide any factual detail as to **how** Plaintiff was personally harmed by HSBC's one-time request for his credit report.  Indeed, it is difficult to imagine how Plaintiff could have been harmed at all under the circumstances.  It is undisputed that Plaintiff had a longtime lending relationship with HSBC, and that HSBC had a permissible purpose to request and obtain Plaintiff's credit report pre-discharge (i.e., "[s]ometime prior to 2009" until May 7, 2015).  Compl. ¶¶ 16-19; *see generally Germain v. Bank of Am., N.A.*, 2014 WL 5802018, at **4-6 (W.D. Wisc. Nov. 7, 2014) (recognizing undisputed right of lender to obtain borrower's credit report pre-discharge) (citing 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(a)(3)(F)).  Plaintiff does not allege that HSBC shared his credit report with any third-parties who were not entitled to view his credit report, that his credit score was impacted as a result of the inquiry, or that he was otherwise negatively impacted by the inquiry in any way.  Thus, Plaintiff has failed to allege that he suffered a "personal" and "particularized" injury because of HSBC's conduct.  This is fatal to Plaintiff's standing.

That members of the putative class may have been "harmed" or "damaged" as a result of HSBC's alleged statutory violations (though Plaintiff likewise fails to allege how they have suffered any harm) cannot provide Plaintiff with standing, as the representative plaintiff in a putative class action "must allege and show that [he] **personally** ha[s] been injured, not that injury has been suffered by other, unidentified

members of the class to which [he] belong[s]." *See Spokeo*, 136 S. Ct. at 1547 n.6 (emphasis added) (internal quotation marks omitted). Plaintiff fails to satisfy the particularization requirement and, thus, the Complaint should be dismissed.[1]

### 2.  The Complaint fails to allege a concrete injury

Beyond the conclusory allegations that Plaintiff was "harmed" by the alleged credit report inquiry, the Complaint does not (as discussed above) identify any harm at all. Plaintiff does not allege that he suffered any monetary damages as a result of the alleged FCRA violation, or that he was injured in any other way. Instead, he alleges only a bare statutory violation, "divorced from any concrete harm." *See id.* at 1549. As the *Spokeo* Court made clear, this is insufficient. *Id.* ("Article III standing requires a concrete injury even in the context of a statutory violation."). Thus, Plaintiff's general reference to the FCRA's purpose, *see* Compl. ¶ 1, without more, does not satisfy his burden to establish Article III standing.

In light of *Spokeo*, several Courts of Appeals and district courts within the Ninth Circuit have already dismissed statutory claims where, as here, the plaintiff alleged only a bare statutory violation, unaccompanied by any actual injury. *See, e.g.*, *Lee v. Verizon Commc'ns, Inc.*, __ F.3d __, 2016 WL 4926159, at *2 (5th Cir. Sept. 15, 2016) ("allegation of an 'invasion of [a] statutory right[] to proper [p]lan management' under ERISA was not alone sufficient to create standing where there was no allegation of a real risk that [plaintiff's] … plan payments would be affected"); *Braitberg v. Charter Commc'ns, Inc.*, __ F.3d __, 2016 WL 4698283, at *4 (8th Cir. Sept. 8, 2016) (affirming 12(b)(1) dismissal of claim that cable company retained plaintiff's personal information in violation of the Cable Communications Policy Act, because plaintiff alleged only "a bare procedural violation" and did not identify any "material risk of harm from the

---

[1] If the Court were to find that Plaintiff has satisfied the particularization requirement (which it should not), it would nonetheless need to determine whether the concreteness requirement has been satisfied, as "it is not sufficient" for only one of these requirements to be met. *Id.* at 1548.

retention"); *Hancock v. Urban Outfitters, Inc.*, __ F.3d __, 2016 WL 3996710, at *3 (D.C. Cir. July 26, 2016) (district court lacked jurisdiction over claims that store's request for and retention of plaintiff's zip code violated certain consumer identification and protection statutes, because there was no allegation of harm); *Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 2016 WL 4886933, at **4-5 (N.D. Cal. Sept. 15, 2016) (plaintiff lacked standing to pursue claim under California's Invasion of Privacy Act because it "ha[d] not suffered a concrete or particularized injury by the violation"); *Larroque v. First Advantage LNS Screening Sols., Inc.*, 2016 WL 4577257, at *5 (N.D. Cal. Sept. 2, 2016) (dismissing claim for failure to "comply with the procedural requirements of Section 1681b(b)(1)" of the FCRA on standing grounds, because plaintiff "alleged nothing more than a bare procedural violation of the FCRA" and no "concrete harm"); *Noble v. Nevada Checker CAB Corp.*, 2016 WL 4432685, at *3 (D. Nev. Aug. 19, 2016) (plaintiffs had "no standing to complain of the putative technical violations of" the Fair and Accurate Transactions Act, "because the putative violations created no 'concrete' harm of the type sought to be prevented by Congress, and Plaintiffs [did] not separately allege[] any actual harm"), *appeal pending*, Appeal No. 16-16573 (9th Cir., filed Sept. 7, 2016); *Smith v. Aitima Med. Equip., Inc.*, 2016 WL 4618780, at *4 (C.D. Cal. July 29, 2016) (dismissing claim that "a single call" violated the Telephone Consumer Protection Act, because plaintiff suffered only a "de minimis injury" (i.e., "[a]ny depletion of Plaintiff's battery, or aggravation or nuisance"), as a result of the call); *Jamison v. Bank of Am., N.A.*, __ F. Supp. 3d __, 2016 WL 3653456, at **4-5 (E.D. Cal. July 7, 2016) (dismissing Truth in Lending Act ("TILA") claim for lack of standing under *Spokeo*, reasoning that the complaint did "not provide factual allegations establishing any harm plaintiff suffered as a result of defendant's actions" and that "a procedural violation of the TILA requirements … does not inherently establish concrete harm"); *Tourgeman v. Collins Fin. Servs., Inc.*, __ F. Supp. 3d __, 2016 WL 3919633, at *3 (S.D. Cal. June 16, 2016) (dismissing claim under the Fair Debt Collection Practices Act for failure to allege concrete injury, because plaintiff did not discover the alleged

violation until after the litigation was filed), *appeal pending*, Appeal No. 16-56190 (9th Cir., filed Aug. 19, 2016).[2]

Because Plaintiff has failed to allege a concrete injury, the Complaint should be dismissed based on the absence of Article III standing.

### C. The Complaint Fails to Allege Statutory Standing for Negligent FCRA Violations

To the extent Plaintiff's claim is based on a negligent violation of the FCRA, *see id.* ¶ 43,[3] Plaintiff's failure to allege actual damages prevents him from establishing even statutory standing.  As a district court within the Ninth Circuit explained pre-*Spokeo*:

> [A]lthough FCRA does allow a plaintiff to sue for negligent violations of the statute, it provides relief only if the plaintiff can show actual damages…. In this regard, a plaintiff must affirmatively prove that he is entitled to …

---

[2] That the FCRA does not require proof of actual damages to support claims for willful violations of the statute, *see* 15 U.S.C. § 1681n, is immaterial in the context of Article III standing.  *See, e.g.*, *Spokeo*, 136 S. Ct. 1540 (rejecting Ninth Circuit's reasoning that plaintiff had standing to bring a willful violation claim under § 1681n(a) without alleging actual harm because that statutory section does not require proof of actual damages); *In re Cmty. Health Sys., Inc.*, 2016 WL 4732630, at *16 (N.D. Ala. Sept. 12, 2016) ("Plaintiffs who alleged a willful FCRA violation without resulting actual damage" do not "have Article III standing to present that FCRA claim," even though "the FCRA provides for liability for a willful breach even absent actual damages"); *Fisher v. Enter. Holdings, Inc.*, 2016 WL 4665899, at **4-5 (E.D. Mo. Sept. 7, 2016) (requiring injury-in-fact to support claim for willful violation of the FCRA post-*Spokeo*); *Altman v. White House Black Market, Inc.*, 2016 WL 3946780, at **7-8 (N.D. Ga. July 13, 2016) (plaintiff lacked standing to bring claim for willful violation of the FCRA because he did "not allege actual damages" and, thus, had no injury in fact); *Moody v. Ascenda USA Inc.*, 2016 WL 4702681, at *5 (S.D. Fla. July 1, 2016) (same).

[3] It is not clear from the Complaint whether Plaintiff is claiming that HSBC negligently or willfully violated the FCRA when it submitted the credit report inquiry to Equifax. *Compare id.* ¶ 6 (alleging blankety and in conclusory fashion that "[a]ny violation by [HSBC] was knowing, willful, and intentional" and that HSBC "did not maintain procedures reasonably adapted to avoid any such violation") *with id.* ¶¶ 43-44 (generally referencing both negligent and willful violations).

9

damages.  Without a causal relationship between the violation of the statute and some harm, Plaintiff cannot obtain an award of actual damages.  Thus, Plaintiffs who fail to allege or prove actual damages have no standing to sue under 15 U.S.C. § 1681o.

*Chavez v. Premier Bankcard, LLC*, 2011 WL 5417107, at *4 (E.D. Cal. Nov. 8, 2011) (dismissing claim for negligent violation of § 1681b(f) of the FCRA on standing grounds where, as here, plaintiff did not "allege any injury as a result of Defendant's actions" and, thus, did not "offer[] any factual basis that would entitle him to actual damages sufficient to raise the possibility of relief above the speculative level") (internal citations omitted); *see also In re Cmty. Health Sys.,* 2016 WL 4732630, at *15 (same).

For all of the above reasons, the Court should find that Plaintiff has failed to allege standing and, thus, dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. IN THE ALTERNATIVE, THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

If the Court denies HSBC's motion to dismiss for lack of subject matter jurisdiction (which it should not), the Court should nonetheless dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Cook*, 637 F.3d at 1004 (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555).  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Cook*, 637 F.3d at 1004 (quoting *Twombly*, 550 U.S. at

555).  Indeed, "legal conclusions are not entitled to the assumption of truth."  *Marshall v. Silver State Disposal Serv., Inc.*, 2016 WL 1298102, at *2 (D. Nev. Mar. 31, 2016); *see also Morse v. USAA Fed. Sav. Bank*, 2012 WL 6020090, at *1 (D. Nev. Dec. 3, 2012) ("allegations which are legal conclusions, bare assertions, or merely conclusory" "are not entitled to the assumption of truth").

Here, Plaintiff has failed to plead facts sufficient to state a claim for either a negligent or willful violation of § 1681b(f) of the FCRA.  Accordingly, the Complaint should be dismissed on the merits.

### A. The Complaint Fails to State a Claim for Negligent Violation of the FCRA

As mentioned above, "[i]n order to make a claim for negligent noncompliance [with the FCRA], a plaintiff must establish actual damages."  *Taylor v. First Advantage Background Servs. Corp.*, __ F. Supp. 3d __, 2016 WL 4762268, at *4 (N.D. Cal. Sept. 13, 2016) (citing 15 U.S.C. § 1681o(a)(1)); *see also Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1077 (C.D. Cal. 2014) ("To establish a negligent violation of [the FCRA], a plaintiff must prove that he incurred actual damages caused by the alleged violations."); *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1121 (D. Nev. 2008) (recognizing actual damages as an element of a claim for negligent violation of the FCRA).  "The FCRA does not presume actual damages for a negligent … failure to comply with any of its requirements.  Plaintiff bears the burden of proving that his damages were, in fact, caused by Defendant's violation."  *Johnson*, 558 F. Supp. at 1122.

Because Plaintiff has failed to allege that he incurred any actual damages as a result of HSBC's alleged credit inquiry (*see* Section I, *supra*), he has failed to state a claim for negligent violation of the FCRA, and Plaintiff's claim should be dismissed to the extent it is based on HSBC's alleged negligence.  *See, e.g., Danaher v. Frederick J. Hanna & Assocs., P.C.*, 2013 WL 5375299, at *3 n.2 (D. Nev. Sept. 24, 2013) (granting motion to dismiss FCRA claim were "Plaintiff … failed to specifically and sufficiently allege the … damages necessary to state a viable claim for violation of the FCRA"); *Morse*, 2012 WL 6020090, at *3 (dismissing FCRA claim at 12(b)(6) stage because

plaintiff "fail[ed] to plead any facts showing actual damages, which [was] a required element of [the] claim"); *Martin v. Asset Acceptance, LLC*, 2012 WL 3042524, at **2-3 (N.D. Ill. July 25, 2012) (dismissing, at 12(b)(6) stage, claim for negligent violation of the FCRA, where the complaint "[did] not give [the] court the faintest idea as to the actual damages he sustained"); *Seo v. CC CJV Am. Holdings, Inc.*, 2011 WL 4946507, at *2 (C.D. Cal. Oct. 18, 2011) (granting motion to dismiss claim for negligent violation of the Fair and Accurate Credit Transactions Act where plaintiff had "not alleged that he suffered any actual damages as a result of [defendant's] actions beyond the bare assertion that 'actual damages are present and quantifiable'"); *Johnson v. CGR Servs., Inc.*, 2005 WL 991770, at **2-3 (N.D. Ill. Apr. 7, 2005) (dismissing FCRA negligence claim where the complaint made no mention of actual damages).

## B. The Complaint Fails to State a Claim for Willful Violation of the FCRA

"A 'willful' violation under the FCRA includes … knowing violations of a standard," as well as "reckless ones." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 711 n.1 (9th Cir. 2010) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)); *see also Johnson*, 558 F. Supp. 2d at 1138 (discussing "willfulness" standard).  Here, Plaintiff has failed to allege any facts demonstrating that HSBC willfully violated the FCRA, either by acting knowingly or recklessly.

Plaintiff simply alleges, in conclusory fashion, that "[a]ny violation [of the FCRA] by [HSBC] was knowing, willful, and intentional" and that HSBC "did not maintain procedures reasonably adapted to avoid any such violation."  *See* Compl. ¶ 6.  But Plaintiff fails to support that bald allegation with any factual support whatsoever.  To the contrary, the facts alleged in the Complaint depict a longtime lending relationship between Plaintiff and HSBC, during which time HSBC undisputedly had a "permissible purpose" to request and obtain Plaintiff's credit report (pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(a)(3)(F)).  *See generally Germain*, 2014 WL 5802018, at **4-6; Compl. ¶¶ 16-19.  Then, just one month after Plaintiff's Debt was discharged,

HSBC made a single credit report inquiry.  The Complaint does not allege that HSBC made any other credit report inquiries thereafter.

These allegations do not plausibly support a claim that HSBC willfully violated the FCRA when it requested Plaintiff's credit report.  Accordingly, Plaintiff's claim should be dismissed to the extent it is based on willful conduct.  *See Shostack v. Diller*, 2015 WL 5535808, at **10-11 (S.D.N.Y. Sept. 16, 2015) (dismissing claim for willful violation of § 1681b(f) where plaintiff's "allegations as to Defendants' state of mind [were] merely conclusory and [did] not satisfy the *Iqbal* pleading standard"; "[i]t is not enough that [plaintiff] 'feels that the actions of defendant … are extremely wanton, unconscionable, reckless and negligent,'" plaintiff "must allege some factual basis from which the Court can infer a culpable state of mind"); *Syed v. M-I LLC*, 2014 WL 4344746, at *3 (E.D. Cal. Aug. 28, 2014) (plaintiff's "bare allegations that defendants' conduct was 'willful' and 'reckless'" were nothing more than "'labels and conclusions' without factual content" and, thus, were "not sufficient to state a claim that defendants' conduct was willful"); *Danaher*, 2013 WL 5375299, at *3 n.2 ("Plaintiff … has only provided conclusory allegations of Defendant's willful violation of the FCRA and, therefore, his claim for damages is not cognizable."); *Morse*, 2012 WL 6020090, at *3 n.2 ("To the extent that Plaintiff argues that Defendant acted willfully [in violating the FCRA], the Amended Complaint lacks plausible facts which would permit these claims to proceed."); *Chavez*, 2011 WL 5417107, at *4 ("[S]ince Plaintiff has only alleged conclusory allegations for his claims of willful misconduct, his claims for statutory and punitive damages pursuant to 15 U.S.C. § 1681n are not cognizable.").

## III.   ALTERNATIVELY, PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN

If the Court does not dismiss the Complaint for either lack of standing or failure to state a claim upon which relief can be granted, the Court should nonetheless strike Plaintiff's class allegations from the Complaint.

### A. The Motion to Strike Class Allegations Standard

Courts have "the authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *John v. Mazo*, 2016 WL 4497755, at *2 (D. Nev. Aug. 25, 2016). Indeed, Federal Rule of Civil Procedure 23(d)(1)(D) authorizes courts to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." *See also* James W.M. Moore, et al., *Moore's Federal Practice* § 23.145 (3d ed. 2016) ("A court may order deletion of portions [of] a complaint's class claims once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those claims.").

An immediate motion to strike can be utilized where it is "apparent on the face of the complaint that plaintiffs' class allegations should be stricken" because "the putative class is improperly defined." 1 *McLaughlin on Class Actions* § 3.4 (12th ed. 2015); *see also id.* (Rule 23(d)(4) "expressly authorizes a motion to strike class allegations" and such motion "may properly be filed before plaintiffs have filed a motion for class certification"); Fed. R. Civ. P. 23(c)(1)(A) (requiring that class-action viability be addressed at "an early practicable time").

### B. Plaintiff Has Failed to Establish an Identifiable and Ascertainable Class[4]

"As a threshold matter, a party seeking class certification must prove that the class is ascertainable …." *Fed. Housing Fin. Agency v. SFR Invs. Pool 1, LLC*, 2016 WL 2350121, at *3 (D. Nev. May 2, 2016), *appeal pending*, Appeal No. 16-16043 (9th Cir., filed June 10, 2016); *see also Brown v. Abercrombie & Fitch Co.*, 2015 WL 9690357, at *9 (C.D. Cal. July 16, 2015) (a "prerequisite" to a full-blown class certification analysis under Federal Rule of Civil Procedure 23 "is that the class must be sufficiently definite; the party seeking certification must demonstrate that an identifiable and ascertainable

---

[4] HSBC reserves its right to challenge all aspects relating to class certification and the class definition at a later time.

14

class exists"); *Bates v. Dollar Loan Ctr., LLC*, 2014 WL 5469221, at *2 (D. Nev. Oct. 28, 2014) (referring to ascertainability as the "threshold question" that must be addressed before the Rule 23 analysis).

"An identifiable class exists if its members can be ascertained by reference to objective criteria." *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 672 (N.D. Cal. 2011); *see also Fed. Housing*, 2016 WL 2350121, at *3 (a class is ascertainable if "membership in the class can be determined by reference to objective criteria"); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014) ("In order for a proposed class to satisfy the ascertainability requirement, membership must be determined from objective, rather than subjective, criteria."); *Bates*, 2014 WL 5469221, at *2 (ascertainability "requires Plaintiff to demonstrate that 'membership in the class can determined by reference to objective criteria'");  Federal Judicial Center, *Manual for Complex Litigation* (4th ed.) § 21.222 (the class definition "must be precise, objective, and presently ascertainable").

On the other hand, "[a] class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class." *Herrera*, 274 F.R.D. at 672-73; *see also Fed. Housing*, 2016 WL 2350121, at *3 ("Determination of class membership should not entail detailed individual inquiries.  Similarly, class definitions based on the merits of individual members' claims are not sufficiently definite.") (citing 3 William B. Rubenstein, *Newberg on Class Actions* § 3.3 (5th ed. 2013)); *Kristensen*, 12 F. Supp. at 1303 (same).  "The inquiry into class membership must not require holding countless hearings resembling 'mini-trials.'" *Fed. Housing*, 2016 WL 2350121, at *3 (citing *Newberg on Class Actions* § 3.6); *Kristensen*, 12 F. Supp. at 1303 (same).

Because Plaintiff's proposed class definition is overbroad and would require a determination of the merits of each potential class member's claim, Plaintiff has failed to establish that the class is ascertainable and, thus, the Court should strike the class allegations from the Complaint.

**1.  The class definition improperly requires a merits determination**

Plaintiff defines the putative class to include "[a]ll persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an **unauthorized** consumer credit report inquiry by [HSBC] after Chapter 13 bankruptcy discharge within the past 5 years."  Compl. ¶ 30 (emphasis added).  Thus, in order to determine which individuals are members of the class, it will be necessary to analyze the merits of the case—that is, whether HSBC's credit report inquiry was "unauthorized."

Section 1681b(f) of the FCRA requires the plaintiff to establish three elements: (1) "that there was a 'consumer report' within the meaning of the statute"; (2) "that the defendant used or obtained it"; and (3) "that the defendant did so without a permissible statutory purpose."  *Rydell v. Servco Auto Windward*, 2011 WL 5506088, at *2 (D. Haw. Nov. 9, 2011).  With respect to the third element, § 1681b enumerates many permissible purposes for requesting and obtaining credit reports.  These purposes generally relate to (without limitation) the collection of debts, determining whether a person is creditworthy, employment, or other instances in which the customer has provided written consent.

Accordingly, it would be necessary to determine whether HSBC had **any** of the permissible purposes outlined in § 1681b of the FCRA in connection with each instance during the class period (discussed further below) in which HSBC submitted a credit report inquiry regarding an individual after that person had received a discharge through a Chapter 13 bankruptcy proceeding.  *See generally Germain*, 2014 WL 5802018, at *9 (finding claims under § 1681b(f) not appropriate for class treatment because it would be necessary to undertake an individualized inquiry to determine whether defendant had a "permissible purpose" to obtain each potential class member's credit report).  Because § 1681b contains various qualifications and references to additional statutory provisions, and the meaning of some of these provisions has been further refined in the case law interpreting them, this determination would require an intensive, fact-sensitive analysis involving a complicated statute.  Moreover, it would be necessary to determine whether

16

each of the potential class members could establish the elements required under § 1681b(f).  *See, e.g.*, *Rydell*, 2011 WL 5506088, at \*2.

Because a determination of class membership would require a hearing on the merits for each potential class member, Plaintiff's proposed class is improperly defined. *See, e.g.*, *Fed. Housing*, 2016 WL 2350121, at \*4 (denying class certification where class was "not reasonably ascertainable" because "the class definition impermissibly implicate[d] the merits of the case" and "would result in countless hearings resembling 'mini-trials'"); *Kaufman v. Am. Family Mut. Ins. Co.*, 2008 WL 1806195, at \*3 (D. Colo. Apr. 21, 2008) (rejecting class treatment where "there is no defined 'class' because determination of the merits of each person's claim will be required to decide whether they are a member"); *Wilson v. Toussie*, 2008 WL 905903, at \*5 (E.D.N.Y. Mar. 31, 2008) (rejecting class definition where "determining membership would essentially require a mini-hearing on the merits of each class member's case"); *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 301 (S.D. Ala. 2006) (noting that courts reject certification "where the proposed definition would require individualized fact-finding to identify class members"); *Bostick v. St. Jude Med., Inc.*, 2004 WL 3313614, at \*16 (W.D. Tenn. Apr. 17, 2004) (class membership was not "ascertainable without an adjudication of the merits of their claim"); *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 446 (E.D. Pa. 2000) ("Determining a membership in the class would essentially require a mini-hearing on the merits of each class member's case, which in itself renders a class action inappropriate for addressing the claims at issue."); *Earnest v. Gen. Motors Corp.*, 923 F. Supp. 1469, 1473 (N.D. Ala. 1996) (failure by plaintiff to establish identifiable and ascertainable class "entitles a court to dismiss the class allegations and proceed with the action on an individual basis" and granting motion to strike class allegations); *Luedke v. Delta Airlines, Inc.*, 155 B.R. 327, 329-31 (S.D.N.Y. 1993) (denying class certification based solely on determination that identification of class members was not shown to be administratively feasible). Accordingly, Plaintiff's class definition and class allegations should be stricken.

### 2. The class definition is overbroad, as it includes individuals whose claims are time-barred

Finally, Plaintiff's class period is overbroad because it includes individuals whose claims may be barred by the applicable statute of limitations. Pursuant to 15 U.S.C. § 1681p, the statute of limitations for a claim under the FCRA is "the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." Plaintiff defines the class to include all persons on whose behalf HSBC submitted a credit report inquiry "… **within the past five years**." *See* Compl. ¶ 30 (emphasis added). However, any such person who discovered the alleged violation more than two years before the filing of the Complaint is out of time and should be excluded from the class. *See, e.g.*, *Holman v. Experian Info. Sols., Inc.*, 2012 WL 1496203, at *15 (N.D. Cal. Apr. 27, 2012) ("limit[ing] the class period" to begin two years before the filing of the complaint, because "assess[ing] liability to … putative class members who[sustained a FCRA violation] more than two years before [then] would require a determination of whether the class member had … learned of" the violation and when); *cf. Molina v. Roskam Baking Co.*, 2011 WL 5979087, at *5 (W.D. Mich. Nov. 29, 2011) (plaintiff's five-year class period for proposed FCRA class was improper because "a five-year limitations period would apply only if … the purported class member did not discover the violation that gave rise to his or her claim at some earlier point"). Accordingly, if the Court does not completely strike the class allegations from the Complaint, it should, at the very least, limit the class period to encompass only those individuals whose claims are based on alleged FCRA violations that occurred on April 8, 2014 or later.

### CONCLUSION

For the foregoing reasons, HSBC respectfully requests that the Complaint be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, if the

Court does not dismiss the Complaint in its entirety, HSBC respectfully requests that Plaintiff's class definition be stricken, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

Dated:  October 3, 2016          Respectfully Submitted,

GREENBERG TRAURIG, LLP

By:    */s/ Jacob D. Bundick*
Jacob D. Bundick (NV Bar No. 9772)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
bundickj@gtlaw.com
*Attorneys for Defendant*
*HSBC Mortgage Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2016, a true and correct copy of the foregoing **DEFENDANT HSBC MORTGAGE SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, PURSUANT TO FED. R. CIV. P. 12(b)(1) OR 12(b)(6), OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS** was filed electronically via the Court's CM/ECF system.  Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

> David H. Krieger, Esq.
> Haines & Krieger, LLC
> 8985 S. Eastern Avenue
> Suite 350
> Henderson, NV 89123
> *Attorneys for Plaintiff*

> _/s/ Sandy Jackson_
> An employee of Greenberg Traurig, LLP