GREENBERG TRAURIG, LLP
Jacob D. Bundick (NV Bar No. 9772)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
bundickj@gtlaw.com

LOUIS SMITH (admitted *pro hac vice*)
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932-0677
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
smithlo@gtlaw.com

*Attorneys for Defendant*
*HSBC Mortgage Services, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND MALDONADO, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>HSBC MORTGAGE SERVICES, INC.;<br><br>                              Defendant. | CASE NO. 2:16-cv-00784-JAD-VCF<br><br>**DEFENDANT HSBC MORTGAGE SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(1) OR 12(b)(6), OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**<br><br>**ORAL ARGUMENT REQUESTED** |

## MOTION TO DISMISS FIRST AMENDED COMPLAINT
## OR, ALTERNATIVELY, TO STRIKE CLASS ALLEGATIONS

For the reasons set forth in Defendant HSBC Mortgage Services, Inc.'s ("HSBC")

attached Memorandum of Points and Authorities, HSBC respectfully moves this Court to

dismiss the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction or, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. In the alternative, if the Court does not dismiss the First Amended Complaint in its entirety, HSBC respectfully requests that the Court strike Plaintiff's class allegations from the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

Dated:  November 11, 2016          GREENBERG TRAURIG, LLP

*/s/  Jacob D. Bundick*
Jacob D. Bundick (NV Bar No. 9772)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
bundickj@gtlaw.com
*Attorneys for Defendant*
*HSBC Mortgage Services, Inc.*

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ALLEGATIONS IN THE FAC ...........................................................................................2

ARGUMENT ........................................................................................................................3

   I.   THE FAC FAILS TO ALLEGE STANDING.................................................3

      A.  To Establish Article III Standing, Plaintiff Must Allege An Injury That is Particularized and Concrete ...................................................................4

      B.  The FAC Fails to Allege Injury In Fact .................................................6

         1.  The FAC fails to allege a concrete injury ....................................6

            a.  Plaintiff's allegation that he may be injured if a data breach occurs is insufficient....................................................6

            b.  Plaintiff's conclusory allegation that he suffered an invasion of privacy is insufficient....................................................10

            c.  Plaintiff has alleged only a bare statutory violation ..................11

         2.  The FAC fails to allege a particularized injury...........................14

      C.  The FAC Fails to Allege Statutory Standing for Negligent FCRA Violations...............15

  II.  IN THE ALTERNATIVE, THE FAC FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..........................................................16

      A.  The Complaint Fails to State a Claim for Negligent Violation of the FCRA.................17

      B.  The FAC Fails to State a Claim for Willful Violation of the FCRA .............................18

      C.  The FAC Should Be Dismissed With Prejudice .........................................................19

  III. ALTERNATIVELY, PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN FROM THE FAC ...........................................................20

      A.  The Motion to Strike Class Allegations Standard.........................................................20

      B.  Plaintiff's Revised Class Definition Remains Flawed....................................................21

      C.  Plaintiff Should Not Be Offered Another Opportunity to Revise His Class Definition ...................................................................23

CONCLUSION....................................................................................................................24

HSBC Mortgage Services, Inc. ("HSBC") respectfully submits this brief in support of its motion to dismiss Plaintiff Raymond Maldonado's ("Plaintiff") First Amended Complaint ("FAC") for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, if the FAC is not dismissed, HSBC respectfully requests that the Court strike the class allegations, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

## INTRODUCTION

The Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), requires that the FAC be dismissed for failure to allege Article III standing. Plaintiff's sole claim is that HSBC violated the Fair Credit Reporting Act ("the FCRA" or "the Act") when it allegedly requested Plaintiff's credit report without a "permissible purpose," as defined in § 1681b of the Act.  Plaintiff has failed, however, to allege anything more than a bare statutory violation, which, under *Spokeo*, is insufficient to satisfy the injury-in-fact requirement of the standing doctrine. *See id.* at 1549.  Indeed, Plaintiff's conclusory allegation that his privacy was invaded is unsupported by any alleged facts contending that he was actually harmed by the alleged credit report inquiry. In addition, his allegation that he **may** be harmed **if** HSBC's computer system is one day breached is far too speculative to constitute an actual injury.  He thus has failed to demonstrate that he suffered a particularized and concrete injury as a result of HSBC's conduct, rendering his claim beyond the jurisdiction of this Court.  The FAC should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Alternatively, if the Court were to find that it has jurisdiction over Plaintiff's claim (which it should not), it should nonetheless dismiss the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  It is unclear whether Plaintiff is claiming that HSBC's alleged violation of the FCRA was negligent or willful, but Plaintiff fails to adequately state a claim for either.  First, Plaintiff's failure to allege actual damages is fatal to his claim to the extent it is based on

HSBC's alleged negligence, because actual damages are an essential element of a claim for negligent violation of the FCRA. *See* 15 U.S.C. § 1681o. Second, Plaintiff fails to allege any facts to support his conclusory assertions that HSBC willfully violated the FCRA. Accordingly, Plaintiff's FCRA claim is subject to dismissal on the merits.

As Plaintiff has already amended his complaint in response to the arguments raised in HSBC's motion to dismiss the original Complaint, any dismissal of the FAC should be without the opportunity to replead.

Finally, if the Court does not dismiss the FAC in its entirety, it should strike Plaintiff's class allegations, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D), as Plaintiff's class definition is overbroad and would render maintenance of a class action untenable.

## ALLEGATIONS IN THE FAC

According to the FAC, Plaintiff "incurred financial obligations" to HSBC ("the Debt") "[s]ometime prior to 2009." FAC, dated October 18, 2016 (Dkt. No. 10) ¶ 16. On June 1, 2009, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada, in the matter captioned, *In re Raymond Maldonado*, Case No. 09-19189-led. *Id.* ¶ 17. The Debt was listed on Plaintiff's bankruptcy schedule, and HSBC received notice of the bankruptcy proceedings. *Id.* ¶ 18. On May 7, 2015, Plaintiff received a bankruptcy discharge, which resulted in the discharge of the Debt. *Id.* ¶¶ 19, 22. At no time before or after the bankruptcy discharge did HSBC challenge the Debt's inclusion in the bankruptcy schedule or otherwise argue that the Debt was "nondischargeable" under 11 U.S.C. § 523. *Id.* ¶¶ 20-21. After the discharge on May 7, 2015, "no account relationship existed between Plaintiff" and HSBC, and Plaintiff has not conducted business with or incurred any additional financial obligations with HSBC since then. *Id.* ¶¶ 23-24.

One month after the discharge, on June 9, 2015, HSBC submitted a credit report inquiry to Equifax regarding Plaintiff. *Id.* ¶ 25. The credit report states that the purpose of the inquiry was an "account review." *Id.* ¶ 26. Plaintiff does not allege that HSBC

submitted any other credit report inquiries to Equifax (or any other credit reporting agency) at any time thereafter.

Plaintiff brought suit against HSBC on April 8, 2016, alleging that HSBC violated the FCRA by requesting Plaintiff's credit report in June 2015 without a "permissible purpose," as defined in 15 U.S.C. § 1681b, because the Debt had been discharged at that time. *See* Complaint, dated April 8, 2016 (Dkt. No. 1) ("Compl."). HSBC moved to dismiss the Complaint for lack of standing or, alternatively, for failure to state a claim upon which relief can be granted, and moved in the alternative to strike the class allegations from the Complaint (Dkt. No. 9) ("Motion"). In response to the Motion, Plaintiff filed the FAC, again alleging that HSBC requested his credit report without a "permissible purpose," in violation of the FCRA. Plaintiff brings this claim individually and on behalf of a putative class consisting of:

> All persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an account review consumer credit report inquiry by [HSBC] after Chapter 13 bankruptcy discharge within the past 2 years.

*Id.* ¶ 37. Plaintiff seeks actual damages and reasonable attorneys' fees and costs in connection with any negligent violations of the FCRA, *id.* ¶ 50 (citing 15 U.S.C. §§ 1681o(a)(1), 1681o(a)(2)), and actual or statutory damages, punitive damages, and reasonable attorneys' fees and costs in connection with any willful violations. *Id.* ¶ 51 (citing 15 U.S.C. §§ 1681n(a)(1)(A), 1681n(a)(2), 1681n(a)(3)); *see also id.*, Prayer for Relief.

## ARGUMENT

## I. THE FAC FAILS TO ALLEGE STANDING

"[S]tanding is a necessary element of federal-court jurisdiction." *McQuinn v. Bank of Am., N.A.*, __ Fed. Appx. __, 2016 WL 3947831, at *1 (9th Cir. July 22, 2016). Indeed, "[a] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction

over the suit.  In that event, the suit should be dismissed under Rule 12(b)(1)."  *Oaktree Capital Mgmt., L.P. v. KPMG*, 963 F. Supp. 2d 1064, 1077 (D. Nev. 2013) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).  As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing each element of standing.  *Spokeo*, 136 S. Ct. at 1547.  Thus, "at the pleading stage, the plaintiff must 'clearly … allege facts demonstrating' each element" of standing.  *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  Conclusory and unsupported allegations are insufficient to support standing.  *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the Supreme Court has stated, "the 'irreducible constitutional minimum' of standing consists of three elements": the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo*, 136 S. Ct. at 1547 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Here, Plaintiff has failed to adequately allege that he has suffered any "injury in fact," the "[f]irst and foremost of standing's three elements."  *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks omitted).

### A. To Establish Article III Standing, Plaintiff Must Allege An Injury That is Particularized and Concrete

To sufficiently allege an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560); *see also id.* ("We have made it clear time and time again that an injury in fact must be both concrete **and** particularized.") (emphasis in original); *see generally McQuinn*, 2016 WL 3947831, at *1 (recognizing that a plaintiff must plead a "particularized and sufficiently concrete injury to establish Article III standing").

"For an injury to be 'particularized,' it 'must affect the person in a personal and individual way.'"  *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1); *see also Habeas Corpus Resource Ctr. v. U.S. Dep't of Justice*, 816 F.3d 1241, 1250 n.11 (9th Cir. 2016) (same); *Baldwin v. Sebelius*, 654 F.3d 877, 879 (9th Cir. 2011) ("[T]he injury in fact test requires … that the party seeking review be himself among the injured.").  "That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they **personally** have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong."  *Spokeo*, 136 S. Ct. at 1547 n.6 (emphasis added) (internal quotation marks omitted).

For an injury to be "concrete," it must be "'*de facto*'; that is, it must actually exist."  *Id.* at 1548 (italics in original).  It must be "'real,' and not 'abstract.'"  *Id.* Although the *Spokeo* Court recognized that certain intangible injuries may be sufficiently concrete to confer standing, the Court warned that simply alleging a violation of a statutory right does not satisfy a plaintiff's burden to allege an injury in fact.  *Id.* at 1549. The Court reasoned:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.  **Article III standing requires a concrete injury even in the context of a statutory violation**.  For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Id.* (emphasis added).  Indeed, "'Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'"  *Id.* at 1547-48 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)).

### B. The FAC Fails to Allege Injury In Fact

In the Motion, HSBC argued that Plaintiff's conclusory allegations that he was "affected," "harmed," and "damaged" by HSBC's alleged credit report inquiry, without any factual support whatsoever, failed to establish that Plaintiff suffered an injury in fact as a result of the alleged FCRA violation. *See* Motion at 5-6 (citing Compl. ¶¶ 11, 32, 37). Recognizing the insufficiency of those allegations, Plaintiff amended his Complaint in response to the Motion in an effort to stave off dismissal. He now alleges:

31. Plaintiff suffered an invasion of a legally protected interest when Defendant accessed his highly confidential information on his credit report at a time when Defendant had no right to do so, an invasion of Plaintiff's right to privacy….

33. Further, Defendant increased the risk that Plaintiff will be injured if there is a data breach on Defendant's computer systems by acquiring additional highly sensitive information about Plaintiff and saving that information onto its computer system….

34. Plaintiff was affected personally because when he realized the behavior of Defendant described above (pulling his credit report without any authorization), Plaintiff felt that his privacy had been invaded and that his personal and private information had been disclosed to Defendant, who had no right to Plaintiff's private, confidential and sensitive personal and financial information.

*See* FAC ¶¶ 31-34.

These allegations, however, likewise fail to establish that Plaintiff suffered an injury that is either particularized or concrete, rendering the FAC subject to dismissal for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

### 1. The FAC fails to allege a concrete injury

Plaintiff raises a potential data breach and an invasion of his right to privacy in an effort to allege a sufficient injury. Neither basis provides the necessary support. Thus, Plaintiff essentially alleges a bare statutory violation, which is insufficient under *Spokeo*.

### a. Plaintiff's allegation that he may be injured if a data breach occurs is insufficient

As mentioned above, for an injury to be concrete, it must be "real, not abstract"; it must be "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1555-56, 1548. Thus, where a plaintiff's "allegations of injury rest on future harm," that harm must be "*certainly* impending" or there must be "a 'substantial risk' that the harm will occur" for the plaintiff to have standing; "[a]llegations of *possible* future injury are not sufficient." *In re Zappos.com, Inc.*, 108 F. Supp. 3d 949, 953 (D. Nev. 2015) (citing *Susan B. Anthony List v. Driehaus*, __ U.S. __, 134 S. Ct. 2334, 2342 (2014); *Clapper v. Amnesty Int'l USA*, __ U.S. __, 133 S. Ct. 1138, 1147 (2013)) (italics in original); *see also Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (for future harm to equate to injury in fact, the plaintiff must allege (1) "a credible threat of harm" and (2) "harm that is both real and immediate, not conjectural or hypothetical").

Plaintiff's allegation that HSBC's one-time request for his credit report without a permissible purpose "increased the risk that [he] will be injured **if** there is a data breach on [HSBC's] computer systems," FAC ¶ 33 (emphasis added), fails to establish that Plaintiff has suffered a concrete injury. That HSBC's computer system may one day be breached and that Plaintiff may, as a result, be injured in some form is based on nothing more than conjecture. Moreover, Plaintiff fails to allege how or why, if there were a data breach, he would be injured by the disclosure of the information obtained as a result of the June 9, 2015 credit report inquiry, specifically, rather than by the disclosure of information HSBC obtained during the parties' longtime lending relationship as described in the FAC.

"The degree of Plaintiff's speculation is heightened further by the fact that the [alleged] future harm is based entirely on the decisions or capabilities of an independent, and unidentified, actor." *In re Zappos.com*, 108 F. Supp. at 959. Indeed, if HSBC's computer system is never breached, Plaintiff will never face an increased risk that he will be injured as a result of such a breach. Moreover, even if there is a data breach, "the harm Plaintiff[] fear[s] will never occur" if "the person or persons in possession of Plaintiff['s] information choose not to misuse the data" or "are unable to use the data to

wreak the havoc assumedly intended…." *Id.* Where, as here, the occurrence of future harm is dependent upon the actions of independent third-parties, courts have found plaintiffs unable to establish a concrete injury for standing purposes. *See id; see also Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) ("Appellants' contentions rely on speculation that the hacker: (1) read, copied, and understood their personal information; (2) intends to commit future criminal acts by misusing the information; and (3) is able to use such information to the detriment of Appellants by making unauthorized transactions in Appellants' names. Unless and until these conjectures come true, Appellants have not suffered any injury; there has been no misuse of the information, and thus, no harm."); *In re Cmty. Health Sys., Inc.*, 2016 WL 4732630, at *10 (N.D. Ala. Sept. 12, 2016) ("Actual harm may occur only *if* the hacker is able to decrypt and convert the information hacked to some understandable and usable form; *if* the hacker intends to commit future criminal acts by misusing the information or selling it to another who so intends; and *if* the hacker or those who may obtain the personal information are indeed able to successfully make unauthorized use of it.") (italics in original); *Duqum v. Scottrade, Inc.*, 2016 WL 3683001, at **3-4 (E.D. Mo. July 12, 2016) ("[T]he asserted risk of harm [resulting from a data breach] is too speculative and hypothetical to satisfy the imminence requirement because it depends on speculation about the actions of independent actors—hackers or other criminals."); *cf. McCoy v. Fisher*, 2016 WL 6082417, at *3 (D. Md. Oct. 18, 2016) ("Plaintiff's theory of harm depends on a chain of events that may never occur.").

In addition, the fact that HSBC's computer system is not alleged to have been breached (and, thus, that Plaintiff is not alleged to have been injured as a result of any such breach) in the year-and-a-half that has passed since the credit report inquiry was made further demonstrates that Plaintiff's alleged risk of injury is not immediate. "The more time that passes without the alleged future harm actually occurring undermines any argument that the threat of that harm is immediate, impending, or otherwise substantial." *In re Zappos.com*, 108 F. Supp. 3d at 958-59 (rejecting plaintiffs' claim that they faced

an increased threat of identity theft and fraud as a result of a data breach where three-and-a-half years had passed since the data breach and none of the plaintiffs "ma[de] a single allegation of theft or fraud"); *McCoy*, 2016 WL 6082417, at *3 (dismissing claim for failure to allege concrete injury where plaintiff's personal information had not been misused in the sixteen months since the unredacted document containing it was publicly available); *Duqum*, 2016 WL 3683001, at *4 (court's conclusion that plaintiff's alleged future harm was not "certainly impending" was "strengthened by the fact that more than two years [had] passed since the original data breach without a single alleged instance of identity theft or fraud involving any of Defendant's customers").

Finally, even in cases where a data breach has actually occurred, "[t]he majority of courts … have held that absent allegations of actual identify theft or other fraud, the increased risk of such harm alone is insufficient to satisfy Article III standing." *In re Zappos.com*, 108 F. Supp. 3d at 955 (citing cases); *see also Reilly*, 664 F.3d at 43 ("Here, no evidence suggests that the data has been—or will ever be—misused.  The present test is actuality, not hypothetical speculations concerning the possibility of future injury. Appellant's allegations of an increased risk of identity theft resulting from a security breach are therefore insufficient to secure standing."); *Attias v. CareFirst, Inc.*, ___ F. Supp. 3d ___, 2016 WL 4250232, at *1 (D.D.C. Aug. 10, 2016) ("Absent facts demonstrating a substantial risk that stolen data has been or will be misused in a harmful manner, merely having one's personal information stolen in a data breach is insufficient to establish standing to sue the entity from whom the information was taken."); *In re Cmty. Health Sys.*, 2016 WL 4732630, at *10 (same); *Duqum*, 2016 WL 3683001, at *6 (same); *Khan v. Children's Nat'l Health Sys.*, ___ F. Supp. 3d ___, 2016 WL 2946165, at **4-5 (D. Md. May 19, 2016) (same).

Accordingly, as Plaintiff has not even alleged that any data breach of HSBC's computer system has occurred, let alone that he faces a **credible** threat of **immediate** injury resulting from such a breach, he does not have standing to bring a FCRA claim based on this hypothetical future harm.

### b.  Plaintiff's conclusory allegation that he suffered an invasion of privacy is insufficient

Plaintiff's claim that HSBC invaded his privacy by allegedly accessing his credit report without a permissible purpose, *see* FAC ¶¶ 31, 34, likewise fails to establish that Plaintiff suffered a concrete injury sufficient to confer standing.  Beyond the conclusory allegation that the credit report inquiry invaded his privacy, the Complaint does not identify any harm at all resulting from any such invasion.  Indeed, Plaintiff alleges that he had a longtime lending relationship with HSBC, and does not dispute that HSBC had a permissible purpose to request, obtain, and review Plaintiff's credit report pre-discharge (i.e., "[s]ometime prior to 2009" until May 7, 2015).  FAC ¶¶ 16-19; *see generally Germain v. Bank of Am., N.A.*, 2014 WL 5802018, at **4-6 (W.D. Wisc. Nov. 7, 2014) (recognizing undisputed right of lender to obtain borrower's credit report pre-discharge) (citing 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(a)(3)(F)).  In addition, Plaintiff alleges that HSBC obtained Plaintiff's consumer report only **once** without a permissible purpose, just one month after discharge.  The FAC is devoid of any allegations that HSBC shared Plaintiff's credit report with any third-parties who were not entitled to view his credit report, that his credit score was impacted as a result of the inquiry, that he incurred any monetary damages as a result of the inquiry, or that he was otherwise negatively impacted by the inquiry in any way.

This bare allegation that Plaintiff's privacy was invaded, without more, is insufficient to establish a concrete injury.  *See In re Zappos.com*, 108 F. Supp. 3d at 962 n.5 (rejecting plaintiffs' theory that they had standing based on an alleged "loss of privacy" resulting from a data breach, because they did "not claim that they … suffered any damages due to a loss of privacy"); *see also Groshek v. Time Warner Cable, Inc.*, 2016 WL 4203506, at **2-3 (E.D. Wisc. Aug. 9, 2016) (plaintiff had no standing to bring FCRA claim based on invasion of privacy where defendant-employer obtained plaintiff's consumer report without authorization, because plaintiff did not allege "that he did not get the job he applied for as a result of the consumer report the defendant obtained"; "that

the defendant released the information in the report to other people, causing him embarrassment or damaging his credit"; or "that the defendant used the consumer report against him in any way"); *Gubala v. Time Warner Cable, Inc.*, 2016 WL 3390415, at *4 (E.D. Wisc. June 17, 2016) (rejecting plaintiff's claim that privacy invasion she allegedly suffered as a result of defendant retaining her personal information after she terminated her cable service gave her standing to bring claim under the Cable Communications Policy Act, because plaintiff did not allege that defendant "disclosed his information to a third party[,] that he [was] contacted by marketers who obtained his information from the defendant, or that he [was] the victim of fraud or identity theft"); *Khan*, 2016 WL 2946165, at *6 (rejecting plaintiff's claim that her alleged "loss of privacy … constitute[d] an injury in fact" because she did not "identif[y] any potential damages arising from such a loss and thus fail[ed] to allege a 'concrete and particularized injury'").

A contrary interpretation would conflict with *Spokeo*. *See, e.g.*, *Shoots v. iQor Holdings US Inc.*, 2016 WL 6090723, at *4 (D. Minn. Oct. 18, 2016) ("By contending that non-compliance with one provision of the FCRA automatically renders a defendant's subsequent actions an invasion of privacy, [Plaintiff] would raise every technical violation of any statute to the realm of a major substantive harm. This is a leap too far, and is directly contradicted by *Spokeo*, which made clear that some subset of violations are too small to implicate—on a standing level—the interests protected by the larger statutory framework."). Accordingly, Plaintiff lacks standing to bring his FCRA claim based on an alleged invasion of privacy.

### c. Plaintiff has alleged only a bare statutory violation

As discussed above, Plaintiff has failed to allege that he suffered any concrete injury as a result of HSBC's alleged violation of the FCRA. Accordingly, he alleges only a bare statutory violation, "divorced from any concrete harm." *See Spokeo*, 134 S. Ct. at 1549. As the *Spokeo* Court made clear, this is insufficient. *Id.* ("Article III standing requires a concrete injury even in the context of a statutory violation.").

In light of *Spokeo*, several Courts of Appeals and district courts within the Ninth Circuit have already dismissed statutory claims where, as here, the plaintiff alleged only a bare statutory violation, unaccompanied by any actual injury. *See, e.g.*, *Nicklaw v. Citimortgage, Inc.*, __ F.3d __, 2016 WL 5845682, at **3-4 (11th Cir. Oct. 6, 2016) (plaintiff lacked standing to pursue a claim for violation of New York statute in federal court because he did not allege that he suffered any actual harm as a result of the alleged statutory violation); *Sikhs for Justice Inc. v. Kerry*, __ Fed. Appx. __, 2016 WL 5791561, at *2 (2d Cir. Oct. 4, 2016) (affirming district court's dismissal of statutory claim for lack of standing because plaintiffs did not allege a particularized or concrete injury resulting from the alleged violation); *Lee v. Verizon Commc'ns, Inc.*, __ F.3d __, 2016 WL 4926159, at *2 (5th Cir. Sept. 15, 2016) ("allegation of an 'invasion of [a] statutory right[] to proper [p]lan management' under ERISA was not alone sufficient to create standing where there was no allegation of a real risk that [plaintiff's] … plan payments would be affected"); *Braitberg v. Charter Commc'ns, Inc.*, __ F.3d __, 2016 WL 4698283, at *4 (8th Cir. Sept. 8, 2016) (affirming 12(b)(1) dismissal of claim that cable company retained plaintiff's personal information in violation of the Cable Communications Policy Act, because plaintiff alleged only "a bare procedural violation" and did not identify any "material risk of harm from the retention"); *Hancock v. Urban Outfitters, Inc.*, __ F.3d __, 2016 WL 3996710, at *3 (D.C. Cir. July 26, 2016) (district court lacked jurisdiction over claims that store's request for and retention of plaintiff's zip code violated certain consumer identification and protection statutes, because there was no allegation of harm); *Dutta v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 6524390, at *3 (N.D. Cal. Nov. 3, 2016) (plaintiff had no standing to bring FCRA claim); *Supply Pro Sorbents, LLC v. Ringcentral, Inc.*, 2016 WL 5870111, at *3 (N.D. Cal. Oct. 7, 2016) (plaintiff lacked standing to bring claim for violation of the Telephone Consumer Protection Act ("TCPA"), because it "failed to articulate any unique and concrete injury—beyond merely alleging a statutory violation"); *Nokchan v. Lyft, Inc.*, 2016 WL 5815287, at *4 (N.D. Cal. Oct. 5, 2016) (plaintiff lacked standing to pursue FCRA claim

because he did "not allege[] that he suffered any real harm as a result of" the alleged FCRA violation); *Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 2016 WL 4886933, at **4-5 (N.D. Cal. Sept. 15, 2016) (plaintiff lacked standing to pursue claim under California's Invasion of Privacy Act because it "ha[d] not suffered a concrete or particularized injury by the violation"); *Larroque v. First Advantage LNS Screening Sols., Inc.*, 2016 WL 4577257, at *5 (N.D. Cal. Sept. 2, 2016) (dismissing claim for failure to "comply with the procedural requirements" of FCRA § 1681b(b)(1) on standing grounds, because plaintiff "alleged nothing more than a bare procedural violation of the FCRA" and no "concrete harm"); *Noble v. Nevada Checker CAB Corp.*, 2016 WL 4432685, at *3 (D. Nev. Aug. 19, 2016) (plaintiffs had "no standing to complain of the putative technical violations of" the Fair and Accurate Transactions Act, "because the putative violations created no 'concrete' harm of the type sought to be prevented by Congress, and Plaintiffs [did] not separately allege[] any actual harm"), *appeal pending*, Appeal No. 16-16573 (9th Cir., filed Sept. 7, 2016); *Smith v. Aitima Med. Equip., Inc.*, 2016 WL 4618780, at *4 (C.D. Cal. July 29, 2016) (dismissing claim that "a single call" violated the TCPA, because plaintiff suffered only a "de minimis injury" (i.e., "[a]ny depletion of Plaintiff's battery, or aggravation or nuisance"), as a result of the call); *Jamison v. Bank of Am., N.A.*, ___ F. Supp. 3d ___, 2016 WL 3653456, at **4-5 (E.D. Cal. July 7, 2016) (dismissing Truth in Lending Act ("TILA") claim for lack of standing under *Spokeo*, reasoning that the complaint did "not provide factual allegations establishing any harm plaintiff suffered as a result of defendant's actions" and that "a procedural violation of the TILA requirements … does not inherently establish concrete harm").[1]

---

[1] That the FCRA does not require proof of actual damages to support claims for willful violations of the statute, *see* 15 U.S.C. § 1681n, is immaterial in the context of Article III standing.  *See, e.g.*, *Spokeo*, 136 S. Ct. 1540 (rejecting Ninth Circuit's reasoning that plaintiff had standing to bring a willful violation claim under § 1681n(a) without alleging actual harm because that statutory section does not require proof of actual damages); *Waletzco v. Corelogic Credco, LLC*, 2016 WL 5879597, at *8 (W.D. Wisc. Oct. 7, 2016) ("While statutory damages are available for willful violations of the FCRA whether or

Because Plaintiff has failed to allege a concrete injury, the FAC should be dismissed based on the absence of Article III standing.[2]

### 2.  The FAC fails to allege a particularized injury

As discussed above, Plaintiff's conclusory allegation that HSBC's credit report inquiry invaded his privacy fails to provide any factual detail as to **how** Plaintiff was personally harmed by HSBC's one-time request for his credit report.   Here, it is undisputed that Plaintiff had a longtime lending relationship with HSBC, and that HSBC had a permissible purpose to request, obtain, and review Plaintiff's credit report pre-discharge (i.e., "[s]ometime prior to 2009" until May 7, 2015).   FAC ¶¶ 16-19; *see generally Germain*, 2014 WL 5802018, at **4-6.   Plaintiff does not allege that HSBC shared his credit report with any third-parties who were not entitled to view his credit report, that his credit score was impacted as a result of the inquiry, or that he was

---

not the consumer was injured, the United States Supreme Court held in [*Spokeo*] that the 'case or controversy' requirement in Article III, Section 2 of the Constitution still requires the plaintiff to prove she suffered an 'actual' or 'concrete' injury for that claim to proceed…. [T]he plaintiff here has not met her burden to show that she is entitled to actual damages for a harm caused by defendant. To the extent plaintiff may still claim that proof of a mere violation of the statute is sufficient for a statutory award of punitive damages without any further showing of concrete injury, … [a]fter *Spokeo*, this is clearly no longer the case.") (internal citations and quotation marks omitted); *In re Cmty. Health*, 2016 WL 4732630, at *16 ("Plaintiffs who alleged a willful FCRA violation without resulting actual damage" do not "have Article III standing to present that FCRA claim," even though "the FCRA provides for liability for a willful breach even absent actual damages"); *Fisher v. Enter. Holdings, Inc.*, 2016 WL 4665899, at **4-5 (E.D. Mo. Sept. 7, 2016) (requiring injury-in-fact to support claim for willful violation of the FCRA post-*Spokeo*); *Altman v. White House Black Market, Inc.*, 2016 WL 3946780, at **7-8 (N.D. Ga. July 13, 2016) (plaintiff lacked standing to bring claim for willful violation of the FCRA because he did "not allege actual damages" and, thus, had no injury in fact); *Moody v. Ascenda USA Inc.*, 2016 WL 4702681, at *5 (S.D. Fla. July 1, 2016) (same).

[2] If the Court were to find that Plaintiff has satisfied the concreteness requirement (which it should not), it would nonetheless need to determine whether the particularization requirement has been satisfied, as "it is not sufficient" for only one of these requirements to be met. *Spokeo*, 136 S. Ct. at 1548.

otherwise negatively impacted by the inquiry in any way.  Moreover, Plaintiff's bald allegation that he is now at an increased risk of injury **if** there is a data breach on HSBC's computer system is not an injury at all; indeed, it is nothing more than conjecture.  Thus, Plaintiff has failed to allege that he suffered a "personal" and "particularized" injury because of HSBC's conduct.  This is fatal to Plaintiff's standing.

That members of the putative class may have suffered an actual injury as a result of HSBC's alleged statutory violations (though Plaintiff likewise fails to allege how they have suffered any harm) does not provide Plaintiff with standing, as the representative plaintiff in a putative class action "must allege and show that [he] **personally** ha[s] been injured, not that injury has been suffered by other, unidentified members of the class to which [he] belong[s]."  *See Spokeo*, 136 S. Ct. at 1547 n.6 (emphasis added) (internal quotation marks omitted).  Plaintiff fails to satisfy the particularization requirement and, thus, the FAC should be dismissed.

## C. The FAC Fails to Allege Statutory Standing for Negligent FCRA Violations

To the extent Plaintiff's claim is based on a negligent violation of the FCRA, *see* FAC ¶ 50,[3] Plaintiff's failure to allege actual damages prevents him from establishing even statutory standing.  As a district court within the Ninth Circuit explained pre-*Spokeo*:

> [A]lthough FCRA does allow a plaintiff to sue for negligent violations of the
> statute, it provides relief only if the plaintiff can show actual damages…. In
> this regard, a plaintiff must affirmatively prove that he is entitled to …
> damages.  Without a causal relationship between the violation of the statute

---

[3] It remains unclear whether Plaintiff's claim is based on a negligent or willful violation of the FCRA.  *Compare id.* ¶ 6 (alleging blanketly and in conclusory fashion that "[a]ny violation by [HSBC] was knowing, willful, and intentional" and that HSBC "did not maintain procedures reasonably adapted to avoid any such violation") and *id.* ¶ 30 (claiming HSBC's "actions were willful"), *with id.* ¶¶ 50-51 (generally referencing both negligent and willful violations).

and some harm, Plaintiff cannot obtain an award of actual damages.  Thus,
Plaintiffs who fail to allege or prove actual damages have no standing to sue
under 15 U.S.C. § 1681o.

*Chavez v. Premier Bankcard, LLC*, 2011 WL 5417107, at *4 (E.D. Cal. Nov. 8, 2011)
(dismissing claim for negligent violation of § 1681b(f) of the FCRA on standing grounds
where, as here, plaintiff did not "allege any injury as a result of Defendant's actions" and,
thus, did not "offer[] any factual basis that would entitle him to actual damages sufficient
to raise the possibility of relief above the speculative level") (internal citations omitted);
*see also In re Cmty. Health Sys.,* 2016 WL 4732630, at *15 (same).

For all of the above reasons, the Court should find that Plaintiff has failed to allege
standing and, thus, dismiss the FAC, pursuant to Federal Rule of Civil Procedure
12(b)(1).  As Plaintiff has already amended the Complaint in response to the standing
arguments made in the Motion, Plaintiff should not be permitted to replead.  *See Ins. Co.
of the State of Pa. v. Three Square*, 2016 WL 6106720, at *2 (D. Nev. Oct. 18, 2016)
(leave to amend should not be granted where there has been a failure "to cure
deficiencies by amendments previously allowed") (quoting *Forman v. Davis*, 371 U.S.
178, 182 (1962)).

## II. IN THE ALTERNATIVE, THE FAC FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

If the Court denies HSBC's motion to dismiss the FAC for lack of subject matter
jurisdiction (which it should not), the Court should nonetheless dismiss the FAC for
failure to state a claim upon which relief can be granted, pursuant to Federal Rule of
Civil Procedure 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to state a claim to relief that is plausible on its face." *Cook v.
Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678; *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).  This
standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

16

accusation." *Cook*, 637 F.3d at 1004 (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Cook*, 637 F.3d at 1004 (quoting *Twombly*, 550 U.S. at 555). Indeed, "legal conclusions are not entitled to the assumption of truth." *Marshall v. Silver State Disposal Serv., Inc.*, 2016 WL 1298102, at *2 (D. Nev. Mar. 31, 2016); *see also Morse v. USAA Fed. Sav. Bank*, 2012 WL 6020090, at *1 (D. Nev. Dec. 3, 2012) ("allegations which are legal conclusions, bare assertions, or merely conclusory" "are not entitled to the assumption of truth").

Here, Plaintiff has failed to plead facts sufficient to state a claim for either a negligent or willful violation of § 1681b(f) of the FCRA. Accordingly, the FAC should be dismissed on the merits with prejudice.

**A. The Complaint Fails to State a Claim for Negligent Violation of the FCRA**

As mentioned above, "[i]n order to make a claim for negligent noncompliance [with the FCRA], a plaintiff must establish actual damages." *Taylor v. First Advantage Background Servs. Corp.*, ___ F. Supp. 3d ___, 2016 WL 4762268, at *4 (N.D. Cal. Sept. 13, 2016) (citing 15 U.S.C. § 1681o(a)(1)); *see also Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1077 (C.D. Cal. 2014) ("To establish a negligent violation of [the FCRA], a plaintiff must prove that he incurred actual damages caused by the alleged violations."); *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1121 (D. Nev. 2008) (recognizing actual damages as an element of a claim for negligent violation of the FCRA). "The FCRA does not presume actual damages for a negligent … failure to comply with any of its requirements. Plaintiff bears the burden of proving that his damages were, in fact, caused by Defendant's violation." *Johnson*, 558 F. Supp. at 1122.

As described previously, because Plaintiff has failed to allege that he incurred any actual damages as a result of HSBC's alleged credit inquiry, he has failed to state a claim for negligent violation of the FCRA, and Plaintiff's claim should be dismissed to the extent it is based on HSBC's alleged negligence. *See, e.g., Danaher v. Frederick J.*

*Hanna & Assocs., P.C.*, 2013 WL 5375299, at *3 n.2 (D. Nev. Sept. 24, 2013) (granting motion to dismiss FCRA claim where "Plaintiff … failed to specifically and sufficiently allege the … damages necessary to state a viable claim for violation of the FCRA"); *Morse*, 2012 WL 6020090, at *3 (dismissing FCRA claim at 12(b)(6) stage because plaintiff "fail[ed] to plead any facts showing actual damages, which [was] a required element of [the] claim"); *Martin v. Asset Acceptance, LLC*, 2012 WL 3042524, at **2-3 (N.D. Ill. July 25, 2012) (dismissing, at 12(b)(6) stage, claim for negligent violation of the FCRA, where the complaint "[did] not give [the] court the faintest idea as to the actual damages he sustained"); *Seo v. CC CJV Am. Holdings, Inc.*, 2011 WL 4946507, at *2 (C.D. Cal. Oct. 18, 2011) (granting motion to dismiss claim for negligent violation of the Fair and Accurate Credit Transactions Act where plaintiff had "not alleged that he suffered any actual damages as a result of [defendant's] actions beyond the bare assertion that 'actual damages are present and quantifiable'").

## B. The FAC Fails to State a Claim for Willful Violation of the FCRA

"A 'willful' violation under the FCRA includes … knowing violations of a standard," as well as "reckless ones." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 711 n.1 (9th Cir. 2010) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)); *see also Johnson*, 558 F. Supp. 2d at 1138 (discussing "willfulness" standard). Here, Plaintiff has failed to allege any facts demonstrating that HSBC willfully violated the FCRA, either by acting knowingly or recklessly.

Plaintiff simply alleges, in conclusory fashion, that "[a]ny violation [of the FCRA] by [HSBC] was knowing, willful, and intentional" because HSBC "was aware of the FCRA's prohibitions" and "did not maintain procedures reasonably adapted to avoid any such violation." *See* FAC ¶¶ 6, 30. But Plaintiff fails to support that bald allegation with any factual support whatsoever. To the contrary, the facts alleged in the FAC depict a longtime lending relationship between Plaintiff and HSBC, during which time HSBC undisputedly had a "permissible purpose" to request and obtain Plaintiff's credit report (pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(a)(3)(F)). *See generally Germain*,

2014 WL 5802018, at **4-6; FAC ¶¶ 16-19.  Then, just one month after Plaintiff's Debt was discharged, HSBC made a single credit report inquiry.  The FAC does not allege that HSBC made any other credit report inquiries thereafter.

These allegations do not plausibly support a claim that HSBC willfully violated the FCRA when it requested Plaintiff's credit report.  Accordingly, Plaintiff's claim should be dismissed to the extent it is based on willful conduct.  *See Shostack v. Diller*, 2015 WL 5535808, at **10-11 (S.D.N.Y. Sept. 16, 2015) (dismissing claim for willful violation of § 1681b(f) where plaintiff's "allegations as to Defendants' state of mind [were] merely conclusory and [did] not satisfy the *Iqbal* pleading standard"; "[i]t is not enough that [plaintiff] 'feels that the actions of defendant … are extremely wanton, unconscionable, reckless and negligent,'" plaintiff "must allege some factual basis from which the Court can infer a culpable state of mind"); *Syed v. M-I LLC*, 2014 WL 4344746, at *3 (E.D. Cal. Aug. 28, 2014) (plaintiff's "bare allegations that defendants' conduct was 'willful' and 'reckless'" were nothing more than "'labels and conclusions' without factual content" and, thus, were "not sufficient to state a claim that defendants' conduct was willful"); *Danaher*, 2013 WL 5375299, at *3 n.2 ("Plaintiff … has only provided conclusory allegations of Defendant's willful violation of the FCRA and, therefore, his claim for damages is not cognizable."); *Morse*, 2012 WL 6020090, at *3 n.2 ("To the extent that Plaintiff argues that Defendant acted willfully [in violating the FCRA], the Amended Complaint lacks plausible facts which would permit these claims to proceed."); *Chavez*, 2011 WL 5417107, at *4 ("[S]ince Plaintiff has only alleged conclusory allegations for his claims of willful misconduct, his claims for statutory and punitive damages pursuant to 15 U.S.C. § 1681n are not cognizable.").

### C. The FAC Should Be Dismissed With Prejudice

Because Plaintiff has already amended the Complaint in response to HSBC's Motion, and has failed to correct the deficiencies identified in the Motion, any dismissal of the FAC based on failure to state a claim upon which relief can be granted should be with prejudice.  *See, e.g.*, *Casas-Montejano v. Holder*, 2011 WL 5299305, at *11 (E.D.

Cal. Nov. 2, 2011) ("Faced with a motion to dismiss …, [Plaintiff] amended his complaint as of right, pursuant to Fed. R. Civ. P. 15.  Although [defendant's] arguments were raised prior to amendment, [Plaintiff's] amended complaint failed to cure the deficiencies contained in the original complaint….  Because amendment would be futile, this Court denies leave to amend and dismisses this action with prejudice.").

## III.   ALTERNATIVELY, PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN FROM THE FAC[4]

If the Court does not dismiss the FAC for either lack of standing or failure to state a claim upon which relief can be granted, the Court should nonetheless strike Plaintiff's class allegations from the FAC.

### A. The Motion to Strike Class Allegations Standard

Courts have "the authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."  *John v. Mazo*, 2016 WL 4497755, at *2 (D. Nev. Aug. 25, 2016).  Indeed, Federal Rule of Civil Procedure 23(d)(1)(D) authorizes courts to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  *See also* James W.M. Moore, et al., *Moore's Federal Practice* § 23.145 (3d ed. 2016) ("A court may order deletion of portions [of] a complaint's class claims once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those claims.").

An immediate motion to strike can be utilized where it is "apparent on the face of the complaint that plaintiffs' class allegations should be stricken" because "the putative class is improperly defined."  1 *McLaughlin on Class Actions* § 3.4 (12th ed. 2015); *see also id.* (Rule 23(d)(4) "expressly authorizes a motion to strike class allegations" and such motion "may properly be filed before plaintiffs have filed a motion for class

---

[4] HSBC reserves its right to challenge all aspects relating to class certification and the class definition at a later time.

certification"); Fed. R. Civ. P. 23(c)(1)(A) (requiring that class-action viability be addressed at "an early practicable time").

### B. Plaintiff's Revised Class Definition Remains Flawed

In Plaintiff's original Complaint, he defined the proposed class to include "[a]ll persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant after Chapter 13 bankruptcy discharge within the past 5 years." Compl. ¶ 30. In the Motion, HSBC argued that this class definition was improper because it failed to define an identifiable and ascertainable class. *See* Motion at 14-17 (citing cases). Specifically, in order to determine class membership, it would have been necessary to consider whether, in each instance, HSBC's credit report inquiry was "unauthorized"—that is, whether it lacked **any** of the numerous permissible purposes enumerated in § 1681b of the FCRA each time it submitted a credit report inquiry regarding an individual. *Id.*

In response to the Motion, Plaintiff amended his class definition to instead include "[a]ll persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an account review consumer credit report inquiry by [HSBC] after Chapter 13 bankruptcy discharge within the past 2 years."[5] FAC ¶ 37. Notwithstanding Plaintiff's changes, the class definition remains flawed. Although Plaintiff removed the term "unauthorized" from the class definition, the problem with the class definition set forth in the Motion cannot be avoided so easily. Indeed, the class as currently defined is significantly overbroad, as it includes individuals for whom HSBC had a permissible purpose to request a credit report and thus do not have a claim against HSBC.

---

[5] Also in response to the Motion, Plaintiff decreased the class period from five years to two years. *See id.* at 18 (arguing that Plaintiff's class period was overbroad because it included individuals whose claims were barred by the applicable statute of limitations set forth in § 1681p).

To state a claim under § 1681b(f) of the FCRA, a plaintiff must establish three elements: (1) "that there was a 'consumer report' within the meaning of the statute"; (2) "that the defendant used or obtained it"; and (3) "that the defendant did so without a permissible statutory purpose." *Rydell v. Servco Auto Windward*, 2011 WL 5506088, at *2 (D. Haw. Nov. 9, 2011). Thus, in order to determine whether each of the proposed class members is able to state a claim against HSBC, it would be necessary to determine whether HSBC had **any** of the permissible purposes outlined in § 1681b of the FCRA in connection with each instance during the class period in which HSBC submitted a credit report inquiry regarding an individual after that person had received a discharge through a Chapter 13 bankruptcy proceeding.

In that regard, § 1681b enumerates many permissible purposes for requesting and obtaining credit reports. These purposes generally relate to (without limitation) the collection of debts, determining whether a person is creditworthy, employment, or other instances in which the customer has provided written consent. Thus, the fact that an individual may have had a debt discharged through a Chapter 13 bankruptcy proceeding at some time in the past does not necessarily mean that HSBC did not have a permissible purpose to request a consumer report for that individual as part of an "account review" within the past two years. Indeed, Plaintiff recognized that he needed to address this point by alleging in the FAC that he "did not conduct any business nor incur any additional financial obligations with Defendant since May 7, 2015," FAC ¶ 24, the date of the discharge.

Plaintiff's proposed class definition does not contain the same qualification, rendering it impermissibly overbroad. By way of example, a person who had a debt discharged through a Chapter 13 bankruptcy proceeding years ago, who thereafter took out a mortgage with HSBC, and who currently has a lending relationship with HSBC as a result of that mortgage, would be included in the class as currently defined if HSBC requested their credit report as part of an account review within the past two years—even

though HSBC indisputably had a permissible purpose to do so.  HSBC also could have a permissible purpose pursuant to the various other categories outlined in § 1681b.

The proposed class definition is, thus, impermissibly overbroad, as it includes individuals who do not have a claim against HSBC.  *See In re Deepwater Horizon*, 739 F.3d 790, 827 (5th Cir. 2014) (a class definition is overbroad where it "includes people who have no legal claim whatsoever"); *Booth v. Appstack, Inc.*, 2015 WL 1466247, at *15 (W.D. Wash. Mar. 30, 2015) (class definition is improper where it includes "members who have no cause of action"); *Holman v. Experian Info. Sols., Inc.*, 2012 WL 1496203, at *7 (N.D. Cal. Apr. 27, 2012) (class definition is "overly broad" if it "encompasses consumers who cannot state a valid claim against" defendant).  *See also In re Zappos.com, Inc.*, 2016 WL 2637810, at *8 (D. Nev. May 6, 2016) (granting motion to strike where class definition was "far too broad" and granting plaintiffs "leave to amend to limit the proposed class to individuals who have suffered actual injury"); *Moore v. Apple, Inc.*, 309 F.R.D. 532, 542 (N.D. Cal. 2015) (class overbroad because it included people who were not injured by defendant's conduct); *Turcios v. Carma Labs., Inc.*, 296 F.R.D. 638, 645 (C.D. Cal. 2014) ("[T]he [proposed class is overbroad because it would include customers who … have not suffered any damages."); *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) ("Because the class as currently defined would include … non-harmed [individuals], … the class definition is both imprecise and overbroad."); *cf. Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 596 (9th Cir. 2012) (reversing order certifying overbroad class, which was not limited to those who were actually harmed and had a claim against defendant).  The class allegations should therefore be stricken from the FAC.

## C. Plaintiff Should Not Be Offered Another Opportunity to Revise His Class Definition

Despite Plaintiff's effort in the FAC, the problems with class treatment set forth in the Motion remain.  Determining whether each putative class member can state a claim under the FCRA for improperly accessing a consumer credit report requires an

individualized inquiry.  *See generally Germain*, 2014 WL 5802018, at *9 (finding claims under § 1681b(f) not appropriate for class treatment because it would be necessary to undertake an individualized inquiry to determine whether defendant had a "permissible purpose" to obtain each potential class member's credit report); *cf. Moore*, 309 F.R.D. at 542 ("[T]he inclusion of class members whom, by definition, could not have been injured is not only problematic because it demonstrates the overbreadth of the proposed class, it is also indicative of the individualized inquiries that would be necessary to determine whether a class member has suffered any injury in the first place.").  *See also Fed. Housing Fin. Agency v. SFR Invs. Pool 1, LLC*, 2016 WL 2350121, at *3 (D. Nev. May 2, 2016) (class treatment is improper if class definition is "based on the merits of individual members' claims" and determining membership would "require holding countless hearings resembling mini-trials").  That inquiry would require an intensive, fact-sensitive analysis of a complicated statute, as § 1681b contains various qualifications and references to additional statutory provisions.  Accordingly, the problems with Plaintiff's class definition cannot be remedied, and Plaintiff thus should not be permitted another opportunity to amend his class definition.

## CONCLUSION

For the foregoing reasons, HSBC respectfully requests that the FAC be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, if the Court does

/ / /

/ / /

/ / /

/ / /

not dismiss the FAC in its entirety, HSBC respectfully requests that Plaintiff's class definition be stricken, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

Dated:  November 11, 2016                     Respectfully Submitted,

                                              GREENBERG TRAURIG, LLP


                                    By:    /s/  Jacob D. Bundick
                                           Jacob D. Bundick (NV Bar No. 9772)
                                           3773 Howard Hughes Parkway, Suite 400N
                                           Las Vegas, Nevada 89169
                                           Telephone: (702) 792-3773
                                           Facsimile: (702) 792-9002
                                           bundickj@gtlaw.com
                                           *Attorneys for Defendant*
                                           *HSBC Mortgage Services, Inc.*

1
2

**CERTIFICATE OF SERVICE**

3      I hereby certify that on the 11th day of November, 2016, a true and correct copy of

4  the    foregoing   **DEFENDANT   HSBC   MORTGAGE   SERVICES,   INC.'S**

5
6  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

7  **TO DISMISS FIRST AMENDED COMPLAINT, PURSUANT TO FED. R. CIV. P.**

8  **12(b)(1) OR 12(b)(6), OR, IN THE ALTERNATIVE, TO STRIKE CLASS**

9
10  **ALLEGATIONS** was filed electronically via the Court's CM/ECF system.  Notice of

11  filing will be served on all parties by operation of the Court's EM/ECF system, and

12  parties may access this filing through the Court's CM/ECF system.

13

14      David H. Krieger, Esq.
15      Haines & Krieger, LLC
       8985 S. Eastern Avenue
16      Suite 350
       Henderson, NV 89123
17      *Attorneys for Plaintiff*

18

19      _____/s/ Sandy Jackson_____
       An employee of Greenberg Traurig, LLP
20

21

22

23

24

25

26

27

28