Michael Kind, Esq.
NV Bar No. 13903
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq. (SBN: 9086)
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Raymond Maldonado, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>HSBC Mortgage Services, Inc.,<br><br>Defendant. | Case No.: 2:16-cv-00784-JAD-VCF<br><br>**Plaintiff's Opposition to Defendant's Motion to Dismiss [ECF No. 16]** |

1   Plaintiff Raymond Maldonado respectfully requests that this Court deny

2   Defendant HSBC Mortgage Services, Inc.'s Motion to Dismiss Plaintiff's Amended

3   Complaint. ECF No. 16.   This Opposition is made and based upon the

4   accompanying Memorandum of Points and Authorities.

5

6   DATED this 5th day of December 2016.

7

8                                       Respectfully Submitted,

9                                       **KAZEROUNI LAW GROUP, APC**

10

11   By: /s/ Michael Kind
        Michael Kind, Esq.
12      7854 W. Sahara Avenue
        Las Vegas, NV 89117
13      *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

I. INTRODUCTION ..................................................................................................1

II. FACTS ...............................................................................................................1

III. LEGAL STANDARD ........................................................................................2

IV. ARGUMENT .....................................................................................................3

   A. Plaintiff has Standing to bring his FCRA Claim ..........................................3

      1. Plaintiff suffered from an invasion of privacy as a result of Defendant's actions ............................................................................................................3

         a. The FCRA's protection of privacy .......................................................4

         b. Spokeo, Inc. v. Robins ........................................................................7

      2. Plaintiff suffered from the risk of a data breach as a result of Defendant's actions ..........................................................................................................10

   B. Plaintiff has Sufficiently Stated a Claim for Violations of the FCRA ............14

      1. Plaintiff has Sufficiently Alleged a Claim for Negligent Violations of the FCRA ..........................................................................................................15

      2. Plaintiff has Sufficiently Alleged a Claim for Willful Violations of the FCRA ..........................................................................................................16

   C. Plaintiff has adequately pleaded the class ...................................................18

      1. Under LR IC 2-2(b), this Court should not consider Defendant's improper motion to strike ........................................................................................18

      2. Defendant's Motion to Strike is premature and prejudicial .....................18

      3. Plaintiff has sufficiently pleaded the class ..............................................21

         a. Rule 23 of the Federal Rules of Civil Procedure ...............................21

         b. Plaintiff's class is adequately defined ...............................................22

V. CONCLUSION ................................................................................................23

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Raymond Maldonado ("Plaintiff") has satisfactorily alleged a claim under the Fair Credit Reporting Act ("FCRA" or the "Act").   Defendant HSBC Mortgage Services, Inc. ("Defendant") had no permissible purpose to access Plaintiff's credit report.   Plaintiff's account with Defendant was included in Plaintiff's bankruptcy in June 2009 and discharged in May 2015.   Defendant accessed Plaintiff's credit report in June 2015—when it had no business relationship with Plaintiff.  Defendant's actions violated the FCRA.

Plaintiff has standing to bring his claim under the FCRA.   Defendant's actions in accessing Plaintiff's credit report without any permissible purpose harmed Plaintiff by invading his right to privacy and by creating the risk that Plaintiff's credit report will be subject to a data breach.

Finally, Plaintiff has properly pleaded the class.   Not only is Defendant's motion to strike improper under the Local Rules, it is premature and lacks merit. The class involves people whose credit reports were improperly accessed by Defendant and are entitled to minimal damages.   A class action is the superior method for resolving this action.  Defendant's motion to dismiss should, therefore, be denied.

## II. FACTS

Plaintiff filed for a Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada on June 1, 2009.  Am. Compl., ECF No. 10, ¶ 17. The debt owed to Defendant was scheduled in the Bankruptcy, and Defendant received notice of the Bankruptcy.  *Id.* at ¶ 18.  Plaintiff made all payments under the terms of the Chapter 13 Plan and obtained a discharge on May 7, 2015.  *Id*. at ¶ 19.  Plaintiff did not conduct any business nor incur any financial obligations with Defendant since his bankruptcy.  *Id*. at ¶ 24.  Following his discharge, Plaintiff obtained a copy of his credit report from Equifax, a credit reporting agency, on

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

1  which it indicated that Defendant submitted an unauthorized credit inquiry to

2  Equifax on June 9, 2015.  *Id.* at ¶ 25.  The credit report states that Defendant pulled

3  the credit report for "account review."  *Id.* at ¶ 26.

4        Plaintiff filed his Complaint on April 8, 2016.  ECF No. 1.  Plaintiff filed his

5  Amended Complaint on October 18, 2016.   ECF No. 10.   Defendant filed its

6  Motion to Dismiss the Amended Complaint on November 11, 2016.  ECF No. 16.

7  **III. LEGAL STANDARD**

8        **A.  Motion to Dismiss**

9        In considering a motion to dismiss, "all well-pleaded allegations of material

10  fact are taken as true and construed in a light most favorable to the non-moving

11  party."  *E.g.*, *In Re Wal-Mart Wage and Hour Employment Practices*, 490 F. Supp.

12  2d 1091 (D. Nev. 2007) (*citing Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135

13  F.3d 658, 661 (9th Cir. 1998) (citation omitted).   There is a strong presumption

14  against dismissing an action for failure to state a claim.  *See*, *e.g.*, *Gilligan v. Jamco*

15  *Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).   The issue is not

16  whether the plaintiff ultimately will prevail, but whether he may offer evidence in

17  support of his claims.   *See Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

18  (1974)).   The court may not grant a motion to dismiss for failure to state a claim

19  "unless it appears beyond doubt that the Plaintiff can prove no set of facts in

20  support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S.

21  41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).   It is

22  improper to dismiss a complaint for failure to state a claim if the plaintiff has

23  alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

24  *Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A

25  claim is plausible on its face when the facts in the complaint allow the court to

26  reasonably infer that the defendant is liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

27  129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

28

**B.  Motion to Strike Class**

Motions to strike class allegations are particularly disfavored because it is rarely easy to determine before discovery whether the allegations are meritorious. *E.g.*, *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016).  A motion for class certification is generally the more appropriate vehicle for determining whether class relief is available.  *See, e.g.*, *Id.* (citing *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)).   Class allegations may only be stricken when it is clear from the face of the complaint that no class can be certified.  *See, e.g.*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010).

**IV. ARGUMENT**

Defendant's motion should be denied because (A) Plaintiff has standing because he suffered from, among other things, an invasion of privacy, (B) Plaintiff has stated a claim under the FCRA because Defendant had no permissible purpose when it accessed his consumer report and (C) Defendant's motion to strike the class is improper, premature and the class is properly pleaded.

**A. Plaintiff has Standing to bring his FCRA Claim**

Defendant's violation of the FCRA resulted in a classic form of cognizable harm: invasion of privacy.  In addition, Defendant's actions also created the risk of harm of a data breach of Plaintiff's information.  These particularized and concrete injuries are sufficient to form standing for Plaintiff to bring his FCRA claims.

**1.  Plaintiff suffered from an invasion of privacy as a result of Defendant's actions**

The harm alleged by Plaintiff is the concrete invasion of Plaintiff's privacy—the very right the FCRA seeks to protect in limiting the circumstances under which a consumer's credit may be accessed.  Plaintiff has standing to bring his claim.

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

### a.  The FCRA's protection of privacy

Plaintiff has standing because Defendant invaded his privacy—the harm which the FCRA was intended to prevent.  Congress made a determination when it enacted the FCRA that a consumer report should only be disseminated and used for specific purposes.   The lead Senate sponsor, William Proxmire, stated when he chaired the hearings on the bill that would become the FCRA that:

> The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; *he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy*. The Fair Credit Reporting Act seeks to secure these rights.

Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency, 91st Cong. 2 (1969) (emphasis added).    Senator Proxmire further stated:

> What is disturbing is the lack of any public standards to ensure that the information is kept confidential and used only for its intended purpose. The growing accessibility of this information through computer—and data-transmission techniques makes the problem of confidentiality even more important.

115 Cong. Rec. 2413 (1969).   The chief purpose in enacting section 1681b, then, was to protect the privacy of consumers.  Furthermore, when Congress enacted the FCRA it included the protection of privacy as a specific goal:

> (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the *consumer's right to privacy*.

15 USCA § 1681(a).

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

To accomplish this purpose, Congress limited access to a consumer report. 15 USCA § 1681b(a).  The United States Supreme Court explained in *TRW Inc. v. Andrews*:

> Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system *and to protect consumer privacy*. *See* 15 U.S.C. § 1681(a) (1994 ed.). As relevant here, the Act seeks to accomplish those goals by requiring credit reporting agencies to maintain "reasonable procedures" designed "to assure maximum possible accuracy of the information" contained in credit reports, § 1681e(b), *and to "limit the furnishing of [such reports] to" certain statutorily enumerated purposes, § 1681e(a); 15 U.S.C. § 1681b* (1994 ed. and Supp. V).

122 S.Ct. 441, 444-45, 534 U.S. 19, 23 (2001) (emphasis added).  The invasion of privacy suffered by Plaintiff is the very harm the FCRA seeks to prevent.

The invasion of privacy that Defendant caused Plaintiff to suffer is a harm grounded in common law.   Standing exists when the harm alleged has a "close relationship to a [common law] harm."  *E.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447, at *7 (May 16, 2016).   Accessing a consumer report without a permissible purpose is similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion, and in this case, intrusion on financial information. Restatement (Second) of Torts §§ 652A, 652B (setting forth elements), 652F, 652G (privileges) (1977); *see*, *e.g.*, *Trammell v. Citizens News Co.*, 148 S.W.2d 708 (Ky. 1941) (notice posted in store and published in newspaper); *Brents v. Morgan*, 299 S.W. 967 (Ky. 1927) (five by eight foot sign listing debtors name in a store window); *Mason v. Williams Discount Ctr., Inc.*, 639 S.W.2d 836 (Mo. Ct. App. 1982) (listing plaintiff's name under a list headed "NO CHECKS" in plain view of customers at checkout counter states a claim).   Thus, the harm of invasion of privacy that Defendant inflicted on Plaintiff is grounded in common law.

Defendant's intrusion on Plaintiff's privacy raises a traditional and recognizable harm.   The torts of intrusion and invasion of privacy where the defendant has illegally accessed personal or confidential information is a traditional and recognizable harm.  *See*, *e.g.*, *Bray v. Cadle Co*., 2010 WL 4053794 (S.D. Tex. Oct. 14, 2010) (improperly accessing bank records); *Kausch v. Wilmore*, 2009 WL 481346, at *4 (C.D. Cal. Feb. 24, 2009) (denying defendant's motion for summary judgment on an invasion of privacy claim arising from allegations that defendant had an impermissible purpose in obtaining plaintiff's credit report in relation to litigation); *Capitol Records, Inc. v. Weed*, 2008 WL 1820667 (D. Ariz. Apr. 27, 2008) (accessing hard disk and copying files without authorization is highly offensive; fact issue whether right to privacy waived by file-sharing); *Rodgers v. McCullough*, 296 F. Supp. 2d 895 (W.D. Tenn. 2003) (jury question whether conduct highly offensive where lawyer representing father in child custody matter improperly obtained mother's credit report in attempt to show she was irresponsible, untruthful, and financially unstable); *Smith v. Bob Smith Chevrolet*, 275 F. Supp. 2d 808 (W.D. Ky. 2003) (unable to rule as matter of law that accessing credit report for improper purpose is not "highly offensive"); *Pulla v. Amoco Oil Co*., 882 F. Supp. 836 (S.D. Iowa 1994) (employer gained access to employee's credit card records, copied them, and put them in plaintiff's personnel file), *aff'd in part*, *rev'd in part on other grounds*, 72 F.3d 648 (8th Cir. 1995).   The privacy harm suffered by Plaintiff is therefore a harm that is traditionally recognized by law and sufficient to establish standing.

Plaintiff's injury of invasion of privacy raises a traditional basis for a lawsuit. "[H]arm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts" provides a cognizable injury for standing purposes. *Spokeo*, 2016 WL 2842447, at *7; *E.g.*, *Pavesich v. New England Life Ins. Co*., 50 S.E. 68, 70 (Ga. 1905) (identifying the right of privacy as "derived from natural law," and tracing the concept back to Roman and early English legal traditions);

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

Restatement (Second) of Torts § 652A (1977), cmt. a (American courts have recognized that "[o]ne who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other" and "the existence of a right of privacy is now recognized in the great majority of the American jurisdictions"); Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 193, 198 (1890) ("[W]hat is ordinarily termed the common-law right to intellectual and artistic property are . . . but instances and applications of a general right to privacy."). Here, Plaintiff suffered from Defendant's invasion of his privacy. Plaintiff's claim is therefore sufficient to create standing because it raises a traditional basis for a lawsuit.

Defendant's impermissible pull violated the law and created a concrete injury-in-fact to Plaintiff—the very harm the FCRA was designed to prevent. "Congress's admitted purpose in passing the FCRA was to protect privacy." *Shoots v. iQor Holdings US Inc.*, 2016 U.S. Dist. LEXIS 144559, at *11 (D. Minn. Oct. 18, 2016). The strong emphasis by Congress in enacting the FCRA to limit access to private credit information cannot be reconciled with Defendant's claim that Plaintiff has not alleged any concrete harm. Plaintiff has sustained an injury-in-fact because of Defendant's invasion of his privacy. Plaintiff therefore has standing so Defendant's motion should be denied.

**b. Spokeo, Inc. v. Robins**

Defendant's motion relies heavily on the recent decision Supreme Court decision, *Spokeo*. In *Spokeo*, the United States Supreme Court did not rule that the plaintiff did not meet the injury in fact requirement for Article III standing. Instead, the decision remanded the case to the Ninth Circuit to consider the concrete prong as well as the particularized prong of an injury in fact analysis. To have standing to bring a claim in federal court, the plaintiff must first have suffered an injury-in-fact: the injury must be both (1) particularized and (2) concrete.

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

1    This court should follow the numerous post-*Spokeo* cases that have found the

2    harm of invasion of privacy sufficient to form standing for an FCRA case.   *E.g.*,

3    *Burke v. Fannie Mae*, Civil Actionn No. 3:16cv153-HEH, 2016 U.S. Dist. LEXIS

4    105103 (E.D. Va. Aug. 9, 2016) (finding that privacy is integral to the FCRA and

5    invading a consumer's privacy by impermissibly pulling a consumer report is

6    sufficient to find standing); *Firneno v. Radner Law Grp., PPLC*, No. 2:13-

7    cv-10135, 2016 U.S. Dist. LEXIS 142907, at *12 (E.D. Mich. Sept. 28, 2016)

8    (finding the plaintiffs' right to privacy is "more substantive than procedural" such

9    that the alleged violation of it is a concrete harm); *see generally Perrill v. Equifax

10   Info. Servs., LLC*, No. A-14-CA-612-SS, 2016 U.S. Dist. LEXIS 117104, at *10-11

11   (W.D. Tex. Aug. 31, 2016) (agreeing with other courts that "an invasion of privacy

12   within the context of the FCRA meets the injury-in-fact requirements") (string cite

13   omitted); *see also Lavigne v. First Cmty. Bancshares, Inc.*, No. 1:15-cv-00934-WJ-

14   LF, 2016 U.S. Dist. LEXIS 144741 (D.N.M. Oct. 19, 2016) (applying *Spokeo* and

15   finding, in a TCPA case, that the plaintiff's alleged harm of violation of consumer

16   statute was sufficientt to find injury-in-fact).    Here, Plaintiff has alleged that

17   Defendant invaded his privacy.    Am. Compl., ECF No. 10, ¶¶ 31-32.    Plaintiff

18   therefore has standing and Defendant's motion should be denied.

19       Plaintiff has alleged a particularized injury.    "For an injury to be

20   'particularized,' it must affect the plaintiff in a personal and individual way."

21   *Spokeo*, 136 S. Ct. at 1548 (citation omitted).   Importantly, *Spokeo* did not overturn

22   the Ninth Circuit's finding that the plaintiff, in alleging that the defendant "violated

23   his statutory rights," had standing to bring his claim.   136 S. Ct. at 1545.   In any

24   event, unlike in *Spokeo*, Plaintiff's claim here is based on more than the mere

25   allegation that Defendant violated his statutory rights: Plaintiff here specifically

26   alleges that Defendant's violation of his statutory rights caused him harm in the

27   form of, among other things, the invasion of his privacy. Am. Compl., ECF No. 10,

28   ¶¶ 31-32.    Plaintiff was personally harmed and offended that his personal

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

1    information and privacy had been invaded by Defendant.   *Id.*   Plaintiff has,

2    therefore, satisfied the particularization prong.

3           Plaintiff also meets the "concrete" prong.   To establish standing, the injury

4    must also be concrete—"that is, it must actually exist."   *Id.*   To explain the

5    "concrete" prong, *Spokeo* distilled several "general principles" from its prior cases.

6    *Id.* at 1550.   Although tangible injuries (like physical or economic harm) are

7    "perhaps easier to recognize" as concrete injuries, "intangible injuries can

8    nevertheless be concrete," as can injuries based on a "risk of harm."   *Id.* at 1549–

9    50.   Here, Plaintiff alleges harm in the form of invasion of privacy.   Am. Compl.,

10   ECF No. 10, ¶¶ 31-32.   The invasion of Plaintiff's privacy is an intangible harm but

11   a concrete harm, as discussed.

12          Although Plaintiff suffered a harm grounded in common law, a plaintiff need

13   not necessarily plead a common-law analogue to establish a concrete injury.

14   Congress has the power—and is in fact "well  positioned"—"to identify intangible

15   harms that meet minimum Article III requirements," even if those harms "were

16   previously inadequate in law."   *Spokeo*,  136 S. Ct. at 1549 (citing *Lujan*, 504 U.S.

17   at 578); *see also Massachusetts v. EPA*, 549 U.S. 497, 516 (2007) ("[Congressional]

18   authorization is of critical importance to   the standing inquiry: 'Congress has the

19   power to define injuries and articulate   chains of causation that will give rise to a

20   case or controversy where none existed  before.'"); *Lujan v. Defenders  of  Wildlife*,

21   504  U.S.  555, 580 (1992)  (Kennedy,  J., concurring) (Congress can create "new

22   rights of action that do not   have clear analogs in our common-law tradition.");

23   Antonin Scalia, *The Doctrine of Standing as an Essential Element of the*

24   *Separation of Powers*, 17   Suffolk  U.  L.  Rev.  881, 885 (1983) (Standing's

25   "existence in a given case is largely within the control of Congress.").   Here,

26   Congress specifically recognized, and sought to protect, the right to privacy in

27   enacting the FCRA and Plaintiff therefore has standing to bring his claim for his

28   privacy injuries, specifically identified by Congress.

Plaintiff, in his Amended Complaint, alleges that Defendant accessed his credit report without any permissible purpose.  Plaintiff suffered from this invasion of privacy in a particularized and concrete way.  He therefore has standing.

**2.  Plaintiff suffered from the risk of a data breach as a result of Defendant's actions**

In addition to alleging the particularized and concrete harm to Plaintiff's right to privacy, Plaintiff has also alleged that Defendant created a particularized and concrete risk of harm of a data breach of his personal information.  Am. Compl., ECF No. 10, ¶ 33 (noting the increasingly frequent and common incidents of data breaches of large institutions, similar to Defendant).  To be clear, Plaintiff has not sued Defendant for a data breach.  Rather, Plaintiff claims that Defendant accessed his credit report without permission and caused Plaintiff harm by, *among other things*, creating the risk of harm of a data breach.

The Supreme Court has recognized the concreteness of such risks of harm to establish standing.  This is particularly true where, as here, that risk carries severe economic consequences.

> This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness. For example, the law has long permitted recovery by certain tort victims even if their harms may be difficult to prove or measure.

*Spokeo*, 136 S. Ct. 1540 (emphasis in original) (citations omitted).

The risk of harm to which Defendant exposed Plaintiff is particularized and concrete because a data breach is certainly impending and there is a substantial risk that Plaintiff's information will be compromised.  "When a party's allegations of injury rest on future harm, standing arises only if that harm is "certainly impending, or there is a 'substantial risk' that the harm will occur." *In re Zappos.com, Inc.*, 108 F. Supp. 3d 949, 953 (D. Nev. 2015) (citations omitted) (citing *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264); *accord In re Zappos.com*, No.

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

3:12-cv-00325-RCJ-VPC, 2016 U.S. Dist. LEXIS 60453, at *14 (D. Nev. May 6, 2016) (finding that the new plaintiffs did have standing given the new allegations of identity theft and fraud). Here, Plaintiff has sufficiently alleged that there is a substantial risk and a certainly impending data breach. Am. Compl., ECF No. 10, ¶ 33. The risk to Plaintiff is substantial and certainly impending, which further establishing standing.

> The data breach cases relied on by Defendant are inapplicable.

The data breach cases relied on by Defendant are inapplicable since Plaintiff has not brought a claim for a data breach.[1]  Instead, Plaintiff alleges that Defendant's FCRA violation in increased his risk to identity theft and fraud as *further* evidence of the harm he suffered. *Accord Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 514 (D.C. Cir. 2016) (finding that plaintiff did not have standing because he did "not allege, for example, any invasion of privacy, **increased risk of fraud or identity theft**, or pecuniary or emotional injury.") (emphasis added). Thus, the data breach cases relied on by Defendant are inapplicable and not relevant here.

_____

[1]  The data breach cases are relied on by Defendant but have no application to this case. *Reilly v. Ceridian Corp.*, 664 F.3d 38, 44 (3d Cir. 2011) (hacker "potentially gained access" to thousands of company employees); *Attias v. CareFirst, Inc.*, 2016 U.S. Dist. LEXIS 105480 * (D.D.C. Aug. 10, 2016) (data breach cases where the plaintiffs "have not alleged that their personal information has actually been misused"); *Duqum v. Scottrade, Inc.*, No. 4:15-CV-1537-SPM, 2016 U.S. Dist. LEXIS 89992, at *20 (E.D. Mo. July 12, 2016) (same); *Khan v. Children's Nat'l Health Sys.*, No. TDC-15-2125, 2016 U.S. Dist. LEXIS 66404, at *2 (D. Md. May 18, 2016) ("email accounts had been *potentially* exposed in a way that *may* have allowed hackers to access information contained in those email accounts") (emphases added); *McCoy v. Fisher*, No. PX 16-324, 2016 U.S. Dist. LEXIS 143795, at *8 (D. Md. Oct. 18, 2016) (the defendant accidentally filed the plaintiff's personal information on the public docket but his "information was [not] obtained by a third party or misused in any way"). These cases are all inapplicable here because this is not a data breach case, as discussed above.

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

Furthermore, the data breach cases are distinguishable because they involve questions of whether the data had in fact been released to third parties.   Here, Plaintiff claims that Defendant's access and storage of his personal information created a risk of harm that his personal information will be compromised in a date breach when *Defendant* had no permission to store that information to begin with. Plaintiff does not bring a claim based on what a third party may or may not do with his private credit information, but is identifying the harm that *Defendant's* impermissible credit inquiry caused.  Put differently, Plaintiff should not be forced to depend on Defendant to keep secure his personal information that Defendant had no right to access and keep.[2]

Additionally, the data breach cases are distinguishable because courts are skeptical about the uncertain legal basis of those data breach lawsuits.    In *Hammond v. Bank of N.Y. Mellon Corp.*, the court explained that there currently exists no specific cause of action for data breaches.  2010 U.S. Dist. LEXIS 71996, at *5 (S.D.N.Y. June 25, 2010) ("loss of identity information *is not a legally cognizable claim*" . . . **"Plaintiffs have not come forward with a single case or statute, from any jurisdiction, authorizing the kind of action they now ask this federal court . . . to recognize as a valid theory of recovery."**) (emphasis in original; citations omitted); *see also* Nicole Hong, *For Consumers, Injury Is Hard*

_____

[2] Notably, many courts have found that a plaintiff has standing based on the risk of harm posed by a data breach.  *E.g.*, *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) ([T]he plaintiffs had "alleged a credible threat of real and immediate harm stemming from the theft of a laptop containing their unencrypted personal data."); *see also Ruiz v. Gap, Inc.*, No. 09-15971, 380 F. Appx. 689 (9th Cir. May 28, 2010) (the plaintiff had standing where he alleged that he was at a great risk of identity theft based on the theft of a laptop computer containing his Social Security Number); *Remijas v. Neiman Marcus*, 794 F.3d 688, 693 (7th Cir. 2015) ("customers should not have to wait until hackers commit identity theft or credit-card fraud in order to give the class standing.") (citing *Clapper*,133 S. Ct. at 1147); *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1214 (N.D. Cal. 2014) (risk that the customers' personal data would be misused by hackers who breached the company's network was immediate and very real).

*to Prove in Data-Breach Cases*, The Wall Street Journal, June 26, 2016 *available at* http://www.wsj.com/articles/for-consumers-injury-is-hard-to-prove-in-data-breach-cases-1466985988.   Of course, such a reasoning cannot be applied to this case where Plaintiff has brought his claim under the FCRA and has a "legally cognizable claim" and "a valid theory of recovery."   Plaintiff has a legal basis for his claim against Defendant so the data breach cases are not applicable here.

In addition, Defendant's reliance on *In re Zappos.com, Inc*., is misplaced. 108 F. Supp. 3d 949, 958 (D. Nev. 2015).   First, in *Zappos*, the defendant had a legal right to possess and store the plaintiffs' information.   Here, however, Defendant had no right to access Plaintiff's information.   In addition, in *Zappos*, the customers sought damages for potential harm by third parties.   *Id.* at 108 F.Supp.3d, 959.   Here, however, Plaintiff brings a claim under the FCRA for *Defendant's* impermissible credit inquiry and *Defendant's* actions in creating a risk of harm. Next, *Zappos* specifically noted "the unique posture of this case"—the case was filed in 2012 and by mid-2015 the plaintiff's had still not reported to the court a single instance of identity theft or fraud.   *Id.* at 108 F. Supp. 3d, 958.   Here, "Defendant increased the risk that Plaintiff will be injured if there is a data breach on Defendant's computer systems." Am. Compl., ECF No. 10, ¶ 33.   Defendant has *already* accessed Plaintiff's personal information without permission, in violation of the FCRA, and has *already* exposed Plaintiff to this risk of harm.

Plaintiff has not brought a claim against Defendant for a breach of data.[3] Plaintiff brought his claim under the FCRA.   Plaintiff identifies the harm that Defendant's illegal actions caused to Plaintiff in alleging that, among other things, Defendant has wrongly exposed Plaintiff to the very real risk of a data breach.

---

[3] Defendant's argument that even if a breach of data occurred, Plaintiff would need to show that the hackers misused Plaintiff's information is a red herring.  Def.'s Mot., ECF No. 16, p. 12:10-24.  Plaintiff has not brought an action alleging a data breach claim.  This case is about Defendant's illegal access to Plaintiff's credit report exposing Plaintiff to a data breach, among other things.

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

**B. Plaintiff has Sufficiently Stated a Claim for Violations of the FCRA**

To establish a FCRA claim of willful or negligent misuse or acquisition of a consumer report, a plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state. *E.g.*, *Shepherd-Salgado v. Tyndall Fed. Credit Union*, No. 11-0427-WS-B, 2011 U.S. Dist. LEXIS 129128, at *12 (S.D. Ala. Nov. 7, 2011) (under 15 U.S.C. § 1681b(a), it is unlawful for a person to use or obtain a consumer report unless the report is obtained for a permissible purpose).

A creditor may obtain a report on a current customer to determine whether the consumer continues to meet the terms of the account, or for the purpose of deciding to retain or modify current accounts. *E.g.*, *Aleshire v. Harris*, 2012 WL 698280 (N.D. Ill. Mar. 1, 2012) (reviewing credit report to decide whether to renew or extend agreement); *Alexander v. Textron Fin. Corp.*, 2009 WL 169076 (S.D. Miss. Jan. 26, 2009) (accessing guarantor's report when guarantor had consented to access in writing). Here, no business relationship existed so Defendant did not have any permissible purpose to access Plaintiff's consumer report.

After a debt has been discharged in bankruptcy, the creditor no longer has a permissible purpose to review the account. *E.g.*, *Goodby v. Wells Fargo Bank, N.A.*, 599 F. Supp. 2d 934, 942 (S.D. Ohio 2008) (finding after the plaintiff's debt had been discharged in bankruptcy, "[t]here is nothing in the record indicating that the account review was obtained to either provide a benefit to Plaintiff or to collect a pre-existing debt," denying the defendant's motion for summary judgment); *Barton v. Ocwen Loan Servicing LLC*, No. 12-162 (MJD/JJG), 2013 U.S. Dist. LEXIS 153276, at *11-12 (D. Minn. Oct. 25, 2013) ("If Ocwen was informed that the debt had been discharged . . . Ocwen would not have had a permissible purpose to pull her report."); *Germain v. Bank of Am., N.A.*, No. 13-cv-676-bbc, 2014 U.S. Dist. LEXIS 45165, at *9 (W.D. Wis. Apr. 2, 2014) ("[The] plaintiffs have alleged that

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

defendant did not have a legitimate reason for doing so once they had discharged their debts with defendant. These allegations are sufficient to state a claim under the Fair Credit Reporting Act."); *see also Martin v. Asset Acceptance, L.L.C.*, 2012 WL 3042524 (N.D. Ill. July 25, 2012) (denying dismissal where defendant obtained detailed credit information about plaintiff after debt had been paid in order to develop a predictive model to evaluate consumer credit information received and used); *Pulliam v. Am. Express Travel Related Services Co.*, 2009 WL 1586012 (N.D. Ill. June 4, 2009) (no permissible purpose to access consumer report of closed account after consumer had submitted payment pursuant to a settlement agreement); *Fed. Trade Comm'n v. Citigroup Inc.*, 239 F. Supp. 2d 1302 (N.D. Ga. 2001) (denying motion to dismiss allegations that associates obtained consumer reports to solicit additional transactions). Here, Plaintiff's debt was discharged in May 2015. Am. Compl., ECF No. 10, ¶ 19. Defendant pulled Plaintiff's credit after the account was closed and discharged in bankruptcy. Am. Compl., ECF No. 10, ¶ 25. Defendant had no permissible purpose to access Plaintiff's report.

Importantly, Defendant does not assert that it had a permissible purpose—because it did not. Defendant argues only that Plaintiff has failed to sufficiently allege that Defendant violated the Act (1) negligently because Plaintiff has alleged no actual damages and (2) willfully because Plaintiff has not sufficiently alleged "willful" or "reckless" violations. Plaintiff has alleged actual damages because Plaintiff suffered an invasion of privacy and the risk of harm of a data breach. Also, Plaintiff sufficiently alleged that Defendant acted willfully.

### 1. Plaintiff has Sufficiently Alleged a Claim for Negligent Violations of the FCRA

Plaintiff has properly stated a cause of action for Defendant's negligent violation of the FCRA. Defendant does not—and cannot—assert that is had a permissible purpose to access Plaintiff's credit report. Defendant only argues that to state a claim for a negligent violation of the FCRa, Plaintiff must allege actual

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

damages. Here, as discussed above at length, Plaintiff properly alleged that he was personally and concretely harmed by Defendant's invasion of privacy. Am. Compl., ECF No. 10, ¶¶ 31-35; *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1074 (9th Cir. 2001) ("In the 'right of privacy' cases the primary damage is the mental distress from having been exposed to public view."); *see also Goodby v. Wells Fargo Bank, N.A.*, 599 F. Supp. 2d 934, 944 (S.D. Ohio 2008) (denying the defendant's motion for summary judgment in impermissible account review case after the plaintiff's bankruptcy and allowing the question of damages to go to trial); *Barton v. Ocwen Loan Servicing LLC*, No. 12-162 (MJD/JJG), 2013 U.S. Dist. LEXIS 153276, at *14 (D. Minn. Oct. 25, 2013) (finding a genuine issue of material fact existed as to the plaintiff's actual damages in FCRA case).

Here, Defendant's actions caused Plaintiff to feel "that his privacy had been invaded and that his personal and private information had been disclosed to Defendant, who had no right to Plaintiff's private, confidential and sensitive personal and financial information." Am. Compl., ECF No. 10, ¶¶ 32-35. Plaintiff has therefore alleged actual damages sufficient to state a claim against Defendant for a negligent violation of the FCRA.

**2. Plaintiff has Sufficiently Alleged a Claim for Willful Violations of the FCRA**

Plaintiff has sufficiently alleged a claim for a willful violation of the FCRA. Initially, Plaintiff has properly alleged that Defendant *knew* that it had no permissible purpose to pull Plaintiff's credit report because "Defendant received notice of the Bankruptcy" Am. Compl., ECF No. 10 ¶ 18; *see Barton v. Ocwen Loan Servicing LLC*, No. 12-162 (MJD/JJG), 2013 U.S. Dist. LEXIS 153276, at *15 (D. Minn. Oct. 25, 2013) ("[I]f Ocwen knew that Plaintiff had filed for bankruptcy . . . a reasonable jury could find that Ocwen willfully violated Plaintiff's FCRA rights when it pulled Plaintiff's credit history when it knew or should have known that the debt was discharged and that Ocwen would not have a permissible

purpose to pull the report."); *Germain v. Bank of Am., N.A.*, No. 13-cv-676-bbc, 2014 U.S. Dist. LEXIS 45165, at *10 (W.D. Wis. Apr. 2, 2014) ("[W]hether conduct is willful under the Act is generally a question of fact.") (citing *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1122 (11th Cir. 2006)).   Here, Plaintiff sufficiently alleged that Defendant knew it had no permissible purpose. Defendant does not refute this and only suggests that it accessed Plaintiff's credit report one time and did not make "any other credit report inquiries thereafter." Def.'s Mot., ECF No. 16, p. 22:13.[4]   Defendant's argument that because it only accessed Plaintiff's consumer report one time it should not be liable is unsupported and has no merit.  Thus, Plaintiff sufficiently alleged that Defendant knew it had no permissible purpose when it accused Plaintiff's consumer report.

Furthermore, Plaintiff has properly alleged that Defendant was aware of the FCRA's permissible purpose requirements and Defendant does not claim otherwise. In addition to the allegations that Defendant knew that Plaintiff's debts were discharged in bankruptcy Plaintiff alleges that "Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports."   Am. Compl., ECF No. 10, ¶ 30.

Finally, Defendant incorrectly relies on *Danaher v. Frederick J. Hanna & Assocs., P.C.*, to support its claim that Plaintiff has not sufficiently alleged a claim under the FCRA.  No. 2:13-cv-01633-JCM-NJK, 2013 U.S. Dist. LEXIS 136665, at *8 (D. Nev. Sep. 24, 2013); Def.'s Mot., ECF No. 16, p. 22:16.   In *Danaher*, however, the plaintiff filed the complaint *pro se* and alleged, without more, that the defendant had accessed his credit report without a permissible purpose.  The court found that "[h]is bare assertion that Defendant violated the FRCA, with no factual basis, does not sufficiently state a claim."  *Id.*  In this case, however, Plaintiff has

---

[4] Defendant, in its Motion, does not identify what permissible purpose it might have had in pulling Plaintiff's credit report.  Def.'s Mot., ECF No. 16.  Plaintiff reserves all arguments in connection with any specific permissible purpose that Defendant may argue it had in accessing Plaintiff's credit.

specifically alleged Defendant knew Plaintiff's debts had been discharged in bankruptcy, knew of the FCRA's requirements and Plaintiff had not conducted any business with Defendant after his bankruptcy discharge.

Plaintiff has, therefore, sufficiently pleaded the facts necessary to support his claim that Defendant negligently and willfully violated the FCRA because Defendant did not have any permissible purpose to access his credit report.

**C. Plaintiff has adequately pleaded the class**

**1.   Under LR IC 2-2(b), this Court should not consider Defendant's improper motion to strike**

This Court should not consider Defendant's request to strike the class because it was not filed in a separate motion.   The Local Rules require that each request must be filed in a separate document:

> For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document. Examples:  .  .  . (ii) separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document.

LR IC 2-2(b) (formerly Special Order 109).  Here, Defendant includes its request to strike the class allegations within its motion to dismiss.  Def.'s Mot., ECF No. 16, pp. 23-27.  Here, Defendant's compound motion—including a motion to dismiss for lack of standing, a motion to dismiss under Rule 12(b)(6) and a motion to strike—is particularly unfair to Plaintiff, forcing Plaintiff to oppose three separate motions within the page limit of one opposition.   For this reason alone, this Court should deny Defendant's request to strike.

**2.   Defendant's Motion to Strike is premature and prejudicial**

Defendant's motion to strike is premature.   Courts have recognized that generally a court may not resolve the merits of a plaintiffs' class allegations without the benefit of a developed record.  *See, e.g., Astiana v. Ben & Jerry's Homemade,*

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

*Inc.*, No. C 10-4937, 2011 U.S. Dist. LEXIS 57348, at *37-39 (N.D. Cal. May 26, 2011) (declining to dismiss or strike class claims, as "whether the class is ascertainable and whether a class action is superior should be resolved in connection with a class certification motion"); *Baughman v. Roadrunner Commc'ns*, No. CV-12-565-PHX-SMM, 2013 U.S. Dist. LEXIS 114865, 2013 WL 4230819, at *2 (D. Ariz. Aug. 13, 2013) (a motion for class certification is generally the more appropriate vehicle for determining whether class relief is available); *Covillo v. Specialtys Café*, No. C-11-00594 DMR, 2011 U.S. Dist. LEXIS 147489, at *17-18 (N.D. Cal. Dec. 22, 2011) (denying the defendants' motion to dismiss wage and hour class claims as premature); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2012 U.S. Dist. LEXIS 12961, at *13-14 (S.D.N.Y. Jan. 19, 2012) (denying motion to strike class allegations as premature in Title VII gender discrimination action); *Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332, *7 (S.D. Cal. June 11, 2012) ("To the extent that Hilton seeks to 'resolve class claims at the pleading stage . . . its motion is improperly brought pursuant to Federal Rule of Civil Procedure 12(b)(6)."); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1798 (3d ed. 2005) ("Compliance with Rule 23 prerequisites theoretically should not be tested by a motion to dismiss for failure to state a claim or by a summary-judgment motion.").   Defendant's motion to strike is premature and it should therefore be denied.

Furthermore, Defendant's motion to strike class allegations is prejudicial because if granted, it would deny Plaintiff the opportunity to present evidence establishing that a class action is maintainable.   As in most class actions, "the pleadings alone will not resolve the question of class certification," and therefore "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th

Cir. 2009); *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 n.5 (9th Cir. 2011) (it is an abuse of discretion to dismiss class action if "propriety of a class action cannot be determined . . . without discovery") (citations omitted); *Khanna v. Inter-Con Sec. Sys.*, No. 2:09-cv-2214-GEB-GGH, 2009 U.S. Dist. LEXIS 133645, at *6-7 (E.D. Cal. Nov. 10, 2009) ("[The defendant] has not shown why Plaintiff should not be permitted to conduct some discovery.") (citing *In Re Wal-Mart*, 505 F.Supp.2d at 615-16 (denying as premature, motion to strike class allegations at pleading stage); *Ernst v. Bank of Am. Corp.*, No. 12cv1255 JM(BGS), 2012 U.S. Dist. LEXIS 179196, at *15 (S.D. Cal. Oct. 30, 2012) ("The arguments raised are better addressed after the parties conduct class discovery and in connection with a motion for class certification"). Here, Defendant's motion would be prejudicial in denying Plaintiff the opportunity to move for class certification and present evidence that the prerequisites of Rule 23 are met, including declarations of class members, Plaintiffs' technology experts and other objective evidence. Therefore, Plaintiff and the class members would be prejudiced if the class allegations are stricken.

For these reason, the cases relied on by Defendant are all inapplicable since they involve motions for class certification. *See*, *e.g.*, *Khorrami v. Lexmark Int'l*, No. CV 07-01671 DDP (RCx), 2007 U.S. Dist. LEXIS 98807, at *7 (C.D. Cal. Sep. 13, 2007) (denying motion to strike class where "[m]ost of the cases upon which [the defendant] relies are inapposite because they address motions for class certification"). Here, Defendant cites a string of decisions involving motions for class certification. Def.'s Mot., ECF No. 16, p. 26:3-23. These cases are inapplicable since this case is at the pleading stage. Those cases are inapposite and Defendant's motion to strike should be denied.

///

///

///

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

### 3.  Plaintiff has sufficiently pleaded the class

#### a.  Rule 23 of the Federal Rules of Civil Procedure

Plaintiff has sufficiently pleaded a class action for Defendant's violation of the FCRA under Rule 23.    To maintain a class action, a prospective class representative must establish four prerequisites:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).   Here, Plaintiff has sufficiently pleaded facts to support his class action under Rule 23, including (1) numerosity, Am. Compl., ECF No. 10, ¶ 38 ("the Class members number in the hundreds, if not more"), (2) and (3) commonality[5] and typicality, *Id.* at ¶¶ 39, 42-43, and (4) adequacy, *Id.* at ¶¶ 43, 45. Defendant does not argue that any of these requirements are not adequately pleaded but reserves the right to do so later.  Def.'s Mot., ECF No. 16, p. 23, n.4.

In addition, a class action is the "superior" method for resolving this action. A class action is the superior method to resolve cases where each proposed class members' recovery is likely to be too low for that person to bring an individual action.  *E.g.*, *Marsh v. First Bank of Del.*, No. 11-cv-05226-WHO, 2014 U.S. Dist. LEXIS 17577, at *47 (N.D. Cal. Feb. 7, 2014) (citing *Shutts*, 472 U.S. at 809 (finding that where a case "involves claims averaging about $100 per plaintiff, most of the plaintiffs would have no realistic day in court if a class action were not available")).  Here, this cases involves impermissible credit inquiries by Defendant where "the maximum statutory damages in an individual action for FCRA

---

[5] The Amended Complaint specifically alleges common questions of law and fact. Am. Compl., ECF No. 10, ¶ 42.  "Even a single [common] question will suffice." *Wal-Mart*, 131 S. Ct. at 2556.

1  violations are minimal."    Am. Compl., ECF No. 10, ¶ 46.    Because of the

2  anticipated award of damages for each individual class member, a class action is

3  superior in this case.

4            **b. Plaintiff's class is adequately defined**

5            The class is properly defined and ascertainable.    "Although there is no

6  explicit requirement concerning the class definition in Fed. R. Civ. P. 23, courts

7  have held that the class must be adequately defined and clearly ascertainable before

8  a class action may proceed.'"    *Olney v. Job.Com, Inc.,* No. 1:12-CV-01724-LJO-

9  SKO, 2013 U.S. Dist. LEXIS 141339, at *39 (E.D. Cal. Sep. 30, 2013) (citation

10  omitted).

11            Court have certified similar FCRA classes.    *E.g.*, *White v. Imperial*

12  *Adjustment Corp*, 75 F. App'x 972, 973 (5th Cir. 2003) (affirming impermissible

13  credit pull class certification); *Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-

14  CA-00912-FB, 2016 U.S. Dist. LEXIS 122663, at *24-25 (W.D. Tex. May 23,

15  2016) (recommending class certification, including accounts "where the debt had

16  been discharged in bankruptcy"); *Milbourne v. JRK Residential Am., LLC*, No.

17  3:12cv861, 2014 U.S. Dist. LEXIS 155288, at *38 (E.D. Va. Oct. 31, 2014)

18  (granting class certification in impermissible credit pull case).

19            Defendant does not argue that the class is not ascertainable.    Defendant's

20  only argument is that the class is too broad.  Def.'s Mot., ECF No. 16, p. 24:4-26:2

21  (arguing that the class as defined is too broad and might include somebody who,

22  unlike Plaintiff, continued to have an account relationship with Defendant after a

23  bankruptcy discharge).  First, this challenge is premature as it is a disguised motion

24  to deny class certification.    The allegations in the Amended Complaint must be

25  assumed true on the present motion. *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815,

26  834 (D. Ariz. 2016) ("It is enough to recognize that the argument presented by [the

27  defendant] involves a 'disputed and substantial question[] of law,' which the Court

28  should not decide on a motion to strike.").

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

Second, Defendant's example regarding some person who "who currently has a lending relationship with HSBC" constitutes improper extrinsic evidence and should not be considered.   Third, even if such evidence were proper, Defendant fails to notice that Plaintiff's class excludes such people if Defendant had a permissible purpose.   *See* Am. Compl., ECF No. 10, ¶ 39 ("Defendant . . . engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 *et seq.*").   Plaintiff's Class only includes individuals whose consumer report was accessed unlawfully without any authorization.  *Id.*

Plaintiff's class definition is adequately defined in every respect, is sufficiently limited in scope, and Plaintiff will likely be able to demonstrate that class membership is administratively feasible after conducting class discovery regarding Defendant's records.  As stated in *Meyer v. Bebe Stores, Inc.*, 2015 U.S. Dist. LEXIS 12060, *18 (N.D. Cal. Feb. 2, 2015), "the issue [concerning the class definition] is more appropriately raised at the class certification stage."

Finally, if this Court should grant Defendant's Motion to Dismiss, Plaintiff requests leave to amend his Amended Complaint to specifically address Defendant's arguments.   However, because Plaintiff has standing and has sufficiently stated a claim upon which relief could be granted and has adequately pleaded his class allegations, this Court should deny Defendant's Motion to Dismiss.

## V. CONCLUSION

Plaintiff has standing to bring his claim under the FCRA because Defendant invaded his right to privacy and created the risk that Plaintiff's credit report will be subject to a data breach.  Plaintiff has also satisfactorily alleged a claim under the FCRA because Defendant accessed Plaintiff's credit report when Defendant had no business relationship with Plaintiff.

KAZEROUNI LAW GROUP, APC
7854 West Sahara Avenue
Las Vegas, Nevada 89117

Furthermore, the class is properly pleaded as to numerosity, typicality, commonality and adequacy.   The class is ascertainable and is not over broad.   At this stage of the proceedings, Plaintiff has adequately pleaded the class. Defendant's motion to dismiss should, therefore, be denied.


DATED this 5th day of December 2016.


**KAZEROUNI LAW GROUP, APC**

By:  /s/ Michael Kind
      Michael Kind, Esq.
      7854 W. Sahara Avenue
      Las Vegas, NV 89117

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY pursuant to Rule 5 of the Federal Rules of Civil Procedure that on December 5, 2016, the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss [ECF No. 16] was served via CM/ECF to all parties appearing in this case.

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
    Michael Kind
    7854 W. Sahara Avenue
    Las Vegas, NV 89117