GREENBERG TRAURIG, LLP
Jacob D. Bundick (NV Bar No. 9772)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
bundickj@gtlaw.com

LOUIS SMITH (admitted *pro hac vice*)
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932-0677
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
smithlo@gtlaw.com

*Attorneys for Defendant
HSBC Mortgage Services, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND MALDONADO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>HSBC MORTGAGE SERVICES, INC.;<br><br>                    Defendant. | CASE NO. 2:16-cv-00784-JAD-VCF<br><br>**DEFENDANT HSBC MORTGAGE SERVICES, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(1) OR 12(b)(6), OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS** |

LV 420828428v2

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................1

    I.    PLAINTIFF LACKS STANDING ..........................................................................1

        A.    Plaintiff's Alleged Invasion of Privacy is Insufficient ................................1

        B.    The Alleged Risk of a Data Breach is Insufficient .....................................3

        C.    Plaintiff's Alleged Injury is Neither Concrete Nor Particularized ..............5

    II.    PLAINTIFF HAS FAILED TO STATE A FCRA CLAIM .....................................5

        A.    Plaintiff Has Failed to State a Claim for Negligent Violation
            of the FCRA .................................................................................................5

        B.    Plaintiff Has Failed to State a Claim for Willful Violation
            of the FCRA .................................................................................................6

    III.    PLAINTIFF SHOULD NOT BE PERMITTED TO REPLEAD .........................6

    IV.    ALTERNATIVELY, THE CLASS ALLEGATIONS SHOULD
        BE STRICKEN ........................................................................................................7

        A.    HSBC's Motion Complies with Local Rule IC 2-2(b) ................................7

        B.    Plaintiff's Class Definition is Overbroad and Plaintiff's FCRA
            Claim is Inherently Unsuitable for Class Treatment ................................8

CONCLUSION ..........................................................................................................................10

HSBC[1] respectfully submits this reply brief in further support of its motion to dismiss the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(1) or Federal Rule of Civil Procedure 12(b)(6), or, alternatively, to strike the class allegations, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

## ARGUMENT

### I. PLAINTIFF LACKS STANDING

Plaintiff incorrectly cites the more lenient standard governing motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted as the standard governing HSBC's motion to dismiss for lack of standing under Rule 12(b)(1). *See* Plaintiff's Opposition Brief, dated December 5, 2016 (Dkt. No. 23) ("Opp. Br.") at 2. As set forth by the United States Supreme Court, "[w]here, as here, a case is at the pleading stage, the plaintiff must 'clearly … allege facts demonstrating' each element" of standing—that is, that the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Because Plaintiff has failed to "clearly … allege facts demonstrating" that he suffered an injury in fact as a result of HSBC's alleged FCRA violation, the FAC should be dismissed for lack of standing.

#### A. Plaintiff's Alleged Invasion of Privacy is Insufficient

In an attempt to respond to the argument in HSBC's initial Motion that Plaintiff lacked standing because he failed to allege that he was injured by HSBC's alleged FCRA violation, Plaintiff included a few conclusory allegations in the FAC that HSBC's one-time request for his credit report one month after the Debt was discharged made him "[feel] that his privacy had been invaded." FAC ¶¶ 31, 34. These bare allegations, however, are insufficient to establish that Plaintiff suffered an injury cognizable under Article III. In the absence of any allegations that the alleged privacy invasion caused Plaintiff any harm, the Court should find that Plaintiff has failed to establish that he suffered an injury in fact as a result of HSBC's alleged statutory violation. *See* Moving Br. at 10-11 (citing cases).

---

[1] Defined terms are as set forth in HSBC's moving brief (Dkt. No. 16) ("Moving Br.").

Plaintiff argues that, because one of the purposes of the FCRA was to protect the consumer's right to privacy, and because Plaintiff's invasion-of-privacy claim has common law roots, his conclusory allegations regarding a privacy violation are sufficient to establish that he has standing to bring his claim in federal court. Opp. Br. at 4-7. This argument is misguided. Although the *Spokeo* court recognized that a claim's common law roots and a statute's legislative history may be "instructive" in determining whether an intangible injury is sufficiently concrete to confer standing, *see Spokeo*, 131 S. Ct. at 1549, these factors are not dispositive. Indeed, if, as here, the plaintiff alleges only a bare statutory violation "divorced from any concrete harm," the plaintiff cannot satisfy the injury-in-fact requirement, notwithstanding the presence of these other factors. *Id.*

Although Plaintiff cites a few cases from courts in other jurisdictions to support his position, *see* Opp. Br. at 8, it is by no means well-established that an alleged invasion of privacy, absent actual harm, is an injury in fact post-*Spokeo*. Even the principal case on which Plaintiff relies repeatedly recognized that this is a "close question." *See Burke v. Fed. Nat'l Mortg. Ass'n*, 2016 WL 4249496, at \*\*2, 4 (E.D. Va. Aug. 9, 2016). Indeed, several courts have reached a contrary conclusion—that *Spokeo* requires a plaintiff to allege more than an invasion of privacy stemming from a FCRA violation to satisfy Article III's requirements. *See* Moving Br. at 10-11 (citing *In re Zappos.com, Inc.*, 108 F. Supp. 3d 949, 962 n.5 (D. Nev. 2015); *Groshek v. Time Warner Cable, Inc.*, 2016 WL 4203506, at \*\*2-3 (E.D. Wisc. Aug. 9, 2016); *Gubala v. Time Warner Cable, Inc.*, 2016 WL 3390415, at \*4 (E.D. Wisc. June 17, 2016); *Khan v. Children's Nat'l Health Sys.*, __ F. Supp. 3d __, 2016 WL 2946165, at \*6 (D. Md. May 19, 2016)). Despite HSBC's reliance on these contrary authorities in its Moving Brief, Plaintiff has not attempted to distinguish or even address them in his Opposition Brief.

The cases on which HSBC relies are consistent with *Spokeo*. If, as Plaintiff suggests, an allegation that a defendant failed to comply with a provision of the FCRA could "automatically render[] a defendant's subsequent actions an invasion of privacy," a plaintiff "would raise every technical violation of any statute to the realm of a major substantive harm." *Shoots v. iQor Holdings US Inc.*, 2016 WL 6090723, at \*4 (D. Minn. Oct. 18, 2016). "This is a leap too far, and is directly contradicted by *Spokeo* …." *Id.* Accordingly, this Court should join the other courts that have held an invasion of privacy, without more, is insufficient to confer standing to bring a claim under the FCRA.

2

In any event, the cases on which Plaintiff relies are distinguishable from the case at bar. Here, Plaintiff and HSBC had a longtime lending relationship and, thus, HSBC had the right to request Plaintiff's credit report throughout that time. That HSBC requested and obtained Plaintiff's credit report just one more time only a month after the Debt was discharged could not somehow have injured Plaintiff under these circumstances. Indeed, Plaintiff does not allege that HSBC shared his credit report with any third-parties who were not entitled to view his credit report, that his credit score was impacted as a result of the inquiry, that he incurred any monetary damages as a result of the inquiry, or that he was otherwise negatively impacted in any fashion. By contrast, there was no preexisting relationship between the parties in *Firneno v. Radner Law Grp., PLLC*, 2016 WL 5899762 (E.D. Mich. Sept. 28, 2016) and *Perrill v. Equifax Info. Servs., LLC*, __ F. Supp. 3d __, 2016 WL 4572212 (W.D. Tex. Aug. 31, 2016), the cases relied upon by Plaintiff. *See* Opp. Br. at 8 (citing *Firneno*, 2016 WL 5899762, at *4 (defendants purchased marketing lists that contained plaintiffs' credit information from third-parties); *Perrill*, 2016 WL 4572212, at *1 (defendant credit reporting agency provided plaintiffs' consumer reports to the Texas Comptroller)). Accordingly, because, in these cases, the plaintiffs' credit information was provided to a party with whom they did not have a longtime relationship, the claim that the plaintiffs had been injured as a result of a privacy invasion is different. These cases are of no relevance in the circumstances of this case. The Court should therefore hold that Plaintiff's privacy invasion allegations are insufficient to establish that he has Article III standing to bring his FCRA claim.

**B. The Alleged Risk of a Data Breach is Insufficient**

Plaintiff's allegation that he **may** be injured **if** there is a data breach of HSBC's system sometime in the future, *see* FAC ¶ 33, likewise cannot ground standing.

Plaintiff does not dispute that his alleged risk of injury as a result of a potential data breach is based on a future harm that might not occur. Indeed, Plaintiff concedes that where, as here, a plaintiff's "allegations of injury rest on future harm, standing arises only if that harm is '***certainly* impending**,' or there is a '**substantial risk**' that the harm will occur." Opp. Br. at 10 (quoting *In re Zappos.com*, 108 F. Supp. 3d at 953 (italics in original)) (emphasis added). Plaintiff, however, has failed to satisfy this standard.

3

Although Plaintiff repeatedly claims in his Opposition Brief that he has adequately alleged that a data breach of HSBC's system is "certainly impending" or that there is a "substantial risk" that one will occur, *see* Opp. Br. at 11, 13, the FAC is completely devoid of any such allegations.  The sole paragraph of the FAC that addresses Plaintiff's alleged risk of injury as a result of a potential data breach states: "[HSBC] increased the risk that Plaintiff will be injured if there is a data breach on [HSBC's] computer systems by acquiring additional highly sensitive information about Plaintiff and saving that information onto its computer system.  Data breaches are increasingly common, and financial institutions like [HSBC] are frequent targets of cybercriminals."  FAC ¶ 33 (citations omitted).  That HSBC stores its customers' information does not establish that a data breach of HSBC's system is "certainly impending" or that there is a "substantial risk" that one will occur.  Further, under Plaintiff's logic, any financial institution that permissibly stores its customers' financial and personal information on its computer system faces a "substantial risk" of a data breach and thereby has injured its customers in a manner that is sufficient to confer Article III standing.  This position is untenable.

Nonetheless, whether a data breach of HSBC's system is "certainly impending" or there is a "substantial risk" that one will occur is not even what matters for purposes of Plaintiff's standing.  Indeed, even in cases where a data breach has actually occurred, "[t]he majority of courts … have held that absent allegations of actual identity theft or other fraud, the increased risk of such harm alone is insufficient to satisfy Article III standing."  *In re Zappos*, 108 F. Supp. 3d at 955; *see also* Moving Br. at 7-9 (citing cases).  Thus, the mere occurrence of a data breach, without more, does not establish that a person whose personal information was implicated in a data breach was injured.

In its Moving Brief, HSBC emphasized how Plaintiff's claim of injury here is even more tenuous than the hypothetical harm rejected by courts where a data breach has already occurred.  *See* Moving Br. at 7-9 (citing cases).  If a data breach in itself, without any further harm, is insufficient to establish an injury, the mere possibility of a data breach cannot give rise to a concrete injury.  Plaintiff has therefore failed to establish that he faces an actual or imminent injury.

Finally, as HSBC raised in its Moving Brief, Plaintiff failed to allege in the FAC (and has failed to address in his Opposition Brief) how or why, if there were a data breach of HSBC's system, he would be injured by the disclosure of the information obtained through HSBC's June 2015 credit report

inquiry, specifically, rather than by the disclosure of the information HSBC obtained about Plaintiff during the parties' years-long lending relationship. *See* Moving Br. at 7. Accordingly, even if Plaintiff were able to establish that he faces an actual or imminent injury merely as a result of HSBC's storage of his personal information on its system (which he cannot), he fails to explain how he would be any more injured as a result of the disclosure of information obtained through the June 2015 credit inquiry.

### C. Plaintiff's Alleged Injury is Neither Concrete Nor Particularized

Plaintiff's conclusory allegations that, as a result of HSBC's alleged FCRA violation, his privacy was invaded and he may be injured if there is a data breach of HSBC's system at some non-specific time in the future, are insufficient to establish that Plaintiff has suffered an injury that is either concrete or particularized. *See* Moving Br. at 4-5; 14-15. Plaintiff has thus failed to allege anything more than a bare statutory violation, which is undisputedly inadequate to establish Article III standing under *Spokeo*. *Id.* at 11-14 (citing cases). Plaintiff's failure to allege an injury in fact is likewise fatal to his statutory standing to bring a claim for negligent violation of the FCRA (an argument to which Plaintiff does not respond in his Opposition Brief). *See id.* at 15-16.

## II. PLAINTIFF HAS FAILED TO STATE A FCRA CLAIM

### A. Plaintiff Has Failed to State a Claim for Negligent Violation of the FCRA

In his Opposition Brief, Plaintiff concedes that he "must allege actual damages" to state a claim for negligent violation of the FCRA, and claims that he has alleged actual damages through his allegation that he was harmed by HSBC's alleged invasion of his privacy. *See* Opp. Br. at 15-16. For the reasons discussed at length above and in HSBC's Moving Brief (*see* Moving Br. at 6-14), Plaintiff has failed to establish that he suffered any injury or incurred any damages as a result of HSBC's alleged FCRA violation.

Even if this Court finds a sufficiently concrete injury to satisfy standing, Plaintiff still fails to allege actual damages, which is an essential element of a claim for negligent violation of the FCRA. *See Martin v. Asset Acceptance, LLC*, 2012 WL 3042524, at *3 (N.D. Ill. July 25, 2012) (rejecting plaintiff's claim that "invasion of privacy alone constitutes actual damages" and dismissing claim for negligent violation of the FCRA); *see also id.* (recognizing that "invasion of privacy claims arising under both state and federal law typically require a plaintiff to allege some injury beyond the invasion itself" and

5

that, "[i]n [the] court's search of invasion of privacy claims, nowhere was a case found to support the idea that 'invasion of privacy' constitutes an actual damage"). Accordingly, Plaintiff's claim for negligent violation of the FCRA should be dismissed with prejudice. *See* 15 U.S.C. § 1681o(a)(1) (plaintiff must establish actual damages to state claim for negligent violation of the FCRA); Moving Br. at 17-18 (citing cases).

### B. Plaintiff Has Failed to State a Claim for Willful Violation of the FCRA

Plaintiff has failed to cite any authority for his claim that HSBC's one-time request for Plaintiff's credit report just one month after the Debt was discharged—following a longtime lending relationship—was a willful violation of the FCRA. *See* Opp. Br. at 16-18. To the contrary, in the one case Plaintiff cites that involved a similar lending relationship and a one-time credit report inquiry after a bankruptcy discharge, the court concluded that Plaintiff had failed to show a willful violation of the FCRA. *Godby v. Wells Fargo Bank, N.A.*, 599 F. Supp. 2d 934, 944 (S.D. Ohio 2008). Indeed, the court stated, "there is nothing in the record which shows that Defendant ran a risk of violating the law substantially greater than the risk associated with [conduct] that was merely careless." *Id.*

Here, Plaintiff's allegations likewise fail to establish that HSBC's one-time credit report inquiry after the discharge of Plaintiff's Debt was anything more than careless. *See* FAC ¶¶ 6, 30 (alleging, in conclusory fashion, that HSBC's conduct was "willful" because HSBC "was aware of the FCRA's prohibitions" and "did not maintain procedures reasonably adapted to avoid any such violation"); Moving Br. at 18-19 (citing cases). Accordingly, Plaintiff's claim for willful violation of the FCRA should be dismissed with prejudice.

### III.   PLAINTIFF SHOULD NOT BE PERMITTED TO REPLEAD

Plaintiff has already had two opportunities to establish that he has standing to bring his FCRA claim and to state a claim upon which relief can be granted, and has once again failed to do either. He therefore should not be permitted another chance to amend his pleading. Although Plaintiff "requests leave to amend [the FAC] to specifically address [HSBC's] arguments," Opp. Br. at 23, this request should be denied, as it would be futile to permit Plaintiff another opportunity to amend his complaint. Plaintiff has already amended his complaint in response to similar arguments made in HSBC's initial Motion and failed to correct the deficiencies identified therein. Accordingly, the FAC should be

dismissed and Plaintiff should not be afforded a third opportunity to file a viable pleading. *See* Moving Br. at 15-16; 19-20.

### IV. ALTERNATIVELY, THE CLASS ALLEGATIONS SHOULD BE STRICKEN

If any portion of the FAC survives HSBC's motion to dismiss, the Court should strike all class allegations from the FAC, as Plaintiff's proposed class is improperly defined and Plaintiff's claim under § 1681b(f) is inherently unsuitable for class treatment. *See* Moving Br. at 20-24.

#### A. HSBC's Motion Complies with Local Rule IC 2-2(b)

As a preliminary matter, Plaintiff argues that the Court should decline to consider the portion of HSBC's motion that requests (in the alternative to dismissal) that Plaintiff's class allegations be stricken from the FAC, on the basis that the motion to strike should have been filed separately from the motion to dismiss, per Local Rule IC 2-2(b). Opp Br. at 18.

Contrary to Plaintiff's accusation, HSBC's motion fully complies with Local Rule IC 2-2(b).[2] This rule provides that, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." *See* L.R. IC 2-2(b) (2016). Here, the purpose of HSBC's motion is to challenge the adequacy of the FAC, including Plaintiff's allegations regarding injury and damages; the merits of Plaintiff's claims; and Plaintiff's proposed class definition. In addition, HSBC's motion to strike is offered as an alternative form of relief, and thus would only be considered if the FAC is not dismissed. Courts within this district have considered motions to dismiss or, alternatively, to strike class allegations without finding the form of motion was improper under Local Rule IC 2-2(b) or Special Order 109. *See, e.g., Greystone Nevada, LLC v. Anthem Highlands Community Ass'n*, 2013 WL 150183 (D. Nev. Jan. 14, 2013) (deciding defendants' motion to dismiss or, alternatively, to strike class allegations); *Kastroll v. Wynn Resorts, Ltd.*, 2010 WL 3829398 (D. Nev. Sept. 23, 2010) (same); *see also Martinez v. Realogy Corp.*, 2013 WL 5883618 (D. Nev. Oct. 30, 2013) (discussing earlier decision on defendant's joint motion to dismiss or, alternatively, to strike class allegations).

---

[2] Local Rule IC 2-2(b) appears in the section of the Local Rules titled, "Filer Responsibilities When Electronically Filing Document," rather than in the "Motions" section.

7

Even if the Court determines that HSBC's motion to dismiss and motion to strike should have been filed separately, and the Court does not dismiss the FAC, the Court should nonetheless consider the motion to strike in the interest of efficiency. *See, e.g.*, *Harden v. Nev. Dep't of Corrs.*, 2016 WL 7155743, at *1 (D. Nev. Dec. 6, 2016) (Ferenbach, J.) ("In the interest of expediency, this court will nonetheless consider the merits of [plaintiff's] requests."); *Jiangmen Kinwai Furniture Decoration Co. Ltd. v. Int'l Market Ctrs., Inc.*, 2016 WL 6637699, at *3 n.1 (D. Nev. Nov. 8, 2016) (same). As HSBC's motion to strike has been fully briefed, and neither party has requested additional pages to address the issues raised by the motion to strike (or otherwise suggested that additional pages would be necessary), it would be inefficient and a waste of resources to require that the already-briefed motion be re-filed.

### B. Plaintiff's Class Definition is Overbroad and Plaintiff's FCRA Claim is Inherently Unsuitable for Class Treatment

Plaintiff argues that HSBC's motion to strike the class allegations is premature and would be "more appropriately raised at the class certification stage" after the parties have engaged in discovery. Opp. Br. at 21-23. However, HSBC's motion to strike is not based on a full-blown analysis of the requirements of Federal Rule of Civil Procedure 23 (rendering Plaintiff's analysis of these requirements, *see* Opp. Br. at 21-22, premature and misplaced); instead, it challenges only the propriety of Plaintiff's proposed class definition. This challenge does not require any discovery and may properly be raised at the outset of the case. Indeed, a motion to strike class allegations "may properly be filed before plaintiffs have filed a motion for class certification" where, as here, it is "apparent on the face of the complaint that plaintiffs' class allegations should be stricken" because "the putative class is improperly defined." 1 *McLaughlin on Class Actions* § 3.4 (12th ed. 2015); *see also John v. Mazo*, 2016 WL 4497755, at *2 (D. Nev. Aug. 25, 2016) (courts have "the authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained").

A class definition is improper where it includes individuals who do not have a claim against the defendant. *See* Moving Br. at 23 (citing cases). Plaintiff's proposed class does just that. Plaintiff defines the class to include "[a]ll persons whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an account review consumer credit report inquiry by [HSBC] after Chapter 13 bankruptcy discharge within the past 2 years." *See*

FAC ¶ 37.  However, the fact that a customer has had a Chapter 13 bankruptcy discharge does not necessarily mean that HSBC does not have one of the many permissible purposes set forth in § 1681b of the FCRA to request and obtain that customer's credit report.  Any individuals for whom HSBC had a permissible purpose to request a credit report cannot state a claim against HSBC and, thus, cannot be included in the class.  Accordingly, in order to determine whether each of the proposed class members is able to state a claim against HSBC and may properly be included in the class, it would be necessary to determine whether HSBC had any of the numerous permissible purposes set forth in § 1681b to request and obtain that person's credit report, rendering maintenance of a class action untenable.

Plaintiff tries to avoid this problem by arguing in his Opposition Brief that his "class excludes … people [for whom HSBC] had a permissible purpose" to request a credit report, stating, "Plaintiff's Class only includes individuals whose consumer report was accessed **unlawfully without any authorization**." Opp. Br. at 23 (emphasis added).  Plaintiff thus effectively concedes that he cannot have a properly defined class that includes people who had their credit report accessed with a permissible purpose.  The problem, however, is that the actual class as defined in the FAC is not so limited. Plaintiff struck the term "unauthorized" from the proposed class definition he set forth in his original Complaint in response to HSBC's argument that the inclusion of that term rendered the class unascertainable.  *Compare* Compl. ¶ 30 *with* FAC ¶ 37; *see also* Dkt. No. 9 at 14-17.  Plaintiff's revisions to the class definition then rendered it overbroad—which Plaintiff admits is problematic in his Opposition Brief, but fails to remedy.

Plaintiff's struggle to properly define a class in this case is indicative of the fact that his claim under § 1681b(f) is inherently individualized and unsuitable for class treatment. *See generally*, *Germain v. Bank of Am., N.A.*, 2014 WL 5802018, at *9 (W.D. Wisc. Nov. 7, 2014) (finding claims under § 1681b(f) inappropriate for class treatment because it would be necessary to undertake an individualized inquiry to determine whether defendant had a "permissible purpose" to obtain each potential class member's credit report).  Indeed, the few cases on which Plaintiff relies to establish that other courts "have certified similar FCRA classes," *see* Opp. Br. at 22 (citing cases), are inapposite, as none of them involved a claim under § 1681b(f).   In addition, one of the three cases cited by Plaintiff involved a class that was certified "for settlement purposes only" upon agreement of the parties, and therefore has

9

no application here.  *See* Opp. Br. at 22 (citing *Duncan v. JP Morgan Chase Bank, N.A.*, 2016 WL 4419472, at *2 (W.D. Tex. May 23, 2016)).

Accordingly, Plaintiff's class allegations should be stricken from the FAC and, because, the problems with Plaintiff's class definition cannot be corrected, Plaintiff should not be permitted another opportunity to amend his class definition.

## **CONCLUSION**

For the foregoing reasons, HSBC respectfully requests that the FAC be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or, alternatively, for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, if the Court does not dismiss the FAC in its entirety, HSBC respectfully requests that Plaintiff's class definition be stricken, pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

Dated:  December 19, 2016

Respectfully Submitted,

GREENBERG TRAURIG, LLP

By: */s/ Jacob D. Bundick*
Jacob D. Bundick (NV Bar No. 9772)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
bundickj@gtlaw.com
*Attorneys for Defendant*
*HSBC Mortgage Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2016, a true and correct copy of the foregoing **DEFENDANT HSBC MORTGAGE SERVICES, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(1) OR 12(b)(6), OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

　　　　　　　　　　　　　　　　/s/ Sandy Jackson
　　　　　　　　　　　　　　　An employee of Greenberg Traurig, LLP

LV 420828428v2