**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RAYMOND MALDONADO,

         Plaintiff,

vs.

HSBC MORTGAGE SERVICES, INC.,

         Defendant.

Case No. 2:16–cv–784–JAD–VCF

**ORDER**

    Before the court are HSBC's motion to stay discovery (ECF No. 22), Maldonado's response (ECF No. 30), and HSBC's reply (ECF No. 32). For the reasons stated below, HSBC's motion is denied.

**I. Discussion**

    "[M]otions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.Nev. 2013). "[A] party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.*

    For purposes of ruling on a motion to stay discovery, the "'preliminary peek' at the merits of the underlying motion is not intended to prejudge the outcome." *Tradebay, LLC v. eBay. Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The court's role "is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objective of Rule 1." *Id.*

"The purpose [of a stay of discovery] is to protect a party from the expense of engaging in discovery where fundamental issues, like jurisdiction, venue, or immunity, exist." *Sou v. Bash*, No. 2:15-cv-698-APG-VCF, 2015 WL 7069297 at *2 (D.Nev. Nov. 10, 2015).

On November 11, 2016, HSBC moved to dismiss this entire action. (ECF No. 16) Their principle argument is that Maldonado lacks Article III standing, specifically an injury in fact, to bring this action. On December 2, 2016, HSBC moved to stay discovery. (ECF No. 22)

The parties agree that HSBC's motion to dismiss is potentially dispositive of this entire action. The parties do dispute whether the second and third elements of the stay analysis have been satisfied. Maldonado contends that discovery is necessary to resolve the motion to dismiss. (ECF No. 30) He states that "Defendant's motion to dismiss is based largely on whether Plaintiff suffered harm when Defendant unlawfully accessed Plaintiff's private credit information without any permissible purpose, [which] raises factual issues that will be resolved in discovery." (*Id.*) This argument conflates the need for discovery to decide the motion to dismiss and the need for discovery to establish liability and damages. When the court considers HSBC's motion to dismiss, it will assume all non-conclusory facts to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus additional discovery regarding whether Maldonado suffered an injury for the purposes of the motion to dismiss is unnecessary.

With regard to the third element, the analysis is more nuanced. Ordinarily, a motion to dismiss for lack of standing would be a good candidate for a stay. *Sou*, 2015 WL 7069297 at *2. In the aftermath of *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), the answer to the standing question is less certain. In *Spokeo*, "[t]he Supreme Court recently reaffirmed a few well- established principles with respect to the 'injury in fact' requirement." *Cabiness v. Educational Financial Solutions*, LLC, No. 16-cv-1109-JST, 2016 WL 5791411 at *3 (N.D.Cal. Sept. 1, 2016) "To establish

injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, 136 S.Ct. at 1548.  The Supreme Court in *Spokeo* reversed and remanded the Ninth Circuit's decision that a plaintiff, whose only alleged injury was a violation of his statutory rights, had established injury in fact.  *Id.*  However the question on remand was a narrow one: "whether the particular procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement." *Id.* at 1550.  The Ninth Circuit has yet to issue a new opinion light of the Supreme Court's *Spokeo* decision.

      Maldonado argues that the invasion of his privacy is a sufficient injury in fact to confer standing in a Fair Credit Reporting Act (FCRA) action.  (ECF No. 30)  He supports his argument with citations to numerous, out-of-circuit authorities that find an invasion of privacy in the context of a FCRA action is a sufficient injury in fact.  (*Id.*)  HSBC counters that the Ninth Circuit's established standing precedent forecloses Maldonado's argument.  (ECF No. 22)

      Given the uncertainty in the law, this court is not convinced that HSBC will prevail on its motion to dismiss.

      ACCORDINGLY, and for good cause shown,

      IT IS HEREBY ORDERED that HSBC's motion to stay discovery (ECF No. 22) is DENIED.

      IT IS SO ORDERED.

      DATED this 10th day of January, 2017.

                                                                     CAM FERENBACH
                                                        UNITED STATES MAGISTRATE JUDGE