JACOB D. BUNDICK, ESQ. (NV Bar No. 9772)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
bundickj@gtlaw.com

LOUIS SMITH, ESQ. (*admitted pro hac vice*)
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932-0677
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
smithlo@gtlaw.com
*Counsel for Defendant*
*HSBC Mortgage Services, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND MALDONADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HSBC MORTGAGE SERVICES, INC.;<br><br>Defendant. | CASE NO. 2:16-cv-00784-JAD-VCF<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY <u>OF DISCOVERY MATERIALS</u>** |

IT IS HEREBY STIPULATED by and between Plaintiff Raymond Maldonado ("Plaintiff") and Defendant HSBC Mortgage Services, Inc. ("HSBC"), through their respective attorneys of record as follows:

WHEREAS, documents and information may be sought, produced, or exhibited by and among the parties to this action relating to sensitive and confidential business, financial, or other proprietary information belonging to HSBC, and/or personal financial, credit, and other confidential information belonging to Plaintiff and/or other individuals.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping "Confidential" on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, or by otherwise indicating in writing or stating on the record at a deposition that such materials are subject to this Order.

3. A party who intends to file with the Court documents or information designated by another party as "Confidential" must provide the designating party with seven (7) days' written notice of its intent to file. If the designating party believes the relevant standard for sealing can be met, it shall advise the filing party of its intent to move to seal the "Confidential" material no later than four (4) days after receiving notice of the intended filing. The "Confidential" material must then be filed under seal, and the designating party must file a motion to seal in accordance with the requirements of Civil Local Rule IA 10-5 and the controlling directives of the Ninth Circuit on the same date as the underlying filing. If the designating party fails to timely advise the filing party of its intent to move to seal the "Confidential" material, the material may be publicly filed.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects, or otherwise discusses any information designated "Confidential"), shall not be used, directly or indirectly, by any person, for any business, commercial, or competitive purposes, or for any purpose whatsoever, other than solely in connection with this action and in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be

disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel, and employees of counsel assigned to assist such counsel in the preparation of this litigation, including outside vendors; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she has first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. No person receiving or reviewing such confidential documents, information, or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or complications taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroyed.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 26-7. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

DATED this 10th day of April 2017.

| | |
|---|---|
| GREENBERG TRAURIG, LLP | KAZEROUNI LAW GROUP, APC |
| By: */s/ Jacob D. Bundick*<br>Jacob D. Bundick (NV Bar No. 9772)<br>3773 Howard Hughes Parkway #400N<br>Las Vegas, Nevada 89169<br>Telephone: (702) 792-3773<br>Facsimile: (702) 792-9002 | By: */s/ Michael Kind*<br>Michael Kind (NV Bar No. 13903)<br>7854 W. Sahara Avenue<br>Las Vegas, Nevada 89117<br>Telephone: (800) 400-6808 x7<br>Facsimile: (800) 520-5523 |
| By: */s/ Louis Smith*<br>Louis Smith (admitted *pro hac vice*)<br>500 Campus Drive, Suite 400<br>Florham Park, New Jersey 07932<br>Telephone: (973) 360-7900<br>Facsimile: (973) 301-8410 | HAINES & KRIEGER, LLC<br><br>By: */s/ David H. Krieger*<br>David H. Krieger (NV Bar No. 9086)<br>8985 S. Eastern Avenue, Suite 350<br>Henderson, Nevada 89123<br>Telephone: (702) 880-5554<br>Facsimile: (702) 385-5518 |
| *Attorneys for HSBC Mortgage Services, Inc.* | *Attorneys for Plaintiff Raymond Maldonado* |

**ORDER**

IT IS SO ORDERED.

_____
United States Magistrate Judge

DATED this 10th day of April 2017.

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 201__.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, and any information, documents, or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents, or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 201__ at _____.

_____
QUALIFIED PERSON

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2017, I electronically filed the foregoing **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS** with the Clerk of Court for the United States District Court for the District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                         _/s/ Sandy Jackson_
                                         An employee of Greenberg Traurig, LLP